**Walter L. HAWKINS, et al.**

v.

**FULTON COUNTY, et al.**

**Civ. A. No. C81–767.**

United States District Court,
N. D. Georgia,
Atlanta Division.

July 1, 1982.

---

Antonio L. Thomas, Bensonetta Tipton Lane, The Law Project, Atlanta, Ga., for plaintiffs.

Tony L. Axam, Franklin, Axam & Ashburne, Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This employment discrimination action is before the Court on Plaintiffs' motions to add Vera Mae Childers and Ralph Lee West as parties-plaintiff, Rule 21 Fed.R.Civ.P., Plaintiffs' renewed motion for class certification, Rule 23 Fed.R.Civ.P., Defendants' objection to discovery, and Plaintiffs' motion to compel discovery, Rules 36 and 37, Fed.R.Civ.P.[1]

*Rule 21 Motion*

Rule 21, Fed.R.Civ.P., reads in relevant part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Plaintiffs seek to add Vera Mae Childers and Ralph Lee West as parties-plaintiff to this action. These two persons were allegedly denied employment by Defendants on the basis of race and sex, as opposed to Hawkins who alleges that he was discriminated against in the areas of promotion and transfer after he was already employed, and Davis who alleges she was constructively discharged. However, Plaintiffs assert that because the proposed new plaintiffs' claims "arise from the same series of events and circumstances as those from which plaintiffs' arise," there are common questions of law and fact which apply to both sets of claims. It is also asserted that there are no conflicts between the existing and proposed plaintiffs, and that this motion is timely filed because it is still early in the litigation.

Defendants oppose this motion on the grounds that the proposed plaintiffs have a different claim than the present plaintiffs which is not included in the original complaint, that the additional discovery would result in prejudicial delays to them and that the motion is not timely.

The determination of a Rule 21 motion is wholly within the sound discretion of the trial judge. See *Gilbert v. General Electric Co.*, 347 F.Supp. 1058 (E.D.Va. 1972). After examining the record, the Court is satisfied that it is appropriate to exercise its discretion in a manner which will enable Childers and West to become parties to this litigation as plaintiffs.

The basis of the Court's decision is not that the claims of the new Plaintiffs and those of the original Plaintiffs are similar, but rather that there are potential common questions of fact involved in the various claims. See *Jones v. United Gas Improvement Corp.*, 68 F.R.D. 1, 5 (E.D.Pa.1975). Specifically, Plaintiffs allege that the same people were in charge of both hiring and promotion decisions for Defendant. The discovery done to this point at the least shows this to be a distinct possibility. Because an inquiry into the motives of these decision makers will be necessary in a trial on the hiring and promotion claims, there appears to be enough carryover for the Court to find joinder of the proposed Plaintiffs to be proper at this time. The Court is influenced in this decision by the fact that Defendant Police Department is a relatively small scale employer. This makes the possibility of an overlap in the various decision making processes much more likely. Therefore, joinder will be allowed at this time. Should it later turn out that the decisions on hiring are made by a totally different person or group of persons than the promotion decisions, the possibility of a severance of the claims will be examined.

Defendants' objection regarding the lack of a hiring discrimination charge in the Complaint is a good argument that cannot prevail. As noted in the Court's earlier

---

1. Plaintiffs' motion to drop Judy D. Davis as a party-plaintiff has been withdrawn.

Order denying class certification, Plaintiffs' pleadings in this matter have not always been a model of clarity. However, reading the Complaint in the broad and expansive manner that is required in civil rights and employment discrimination actions, the Court finds that there is sufficient language in the Complaint to have put Defendants on notice of a lawsuit which might include an attack on its hiring practice. For instance, paragraph 5 of the Complaint states that "Defendants, agents and the employees [sic] have discriminated and are continuing to discriminate on the basis of race, color, and sex against Plaintiffs in, *but not limited to*, the following manner...." (emphasis added). The paragraph goes on to list various allegations of discrimination in the areas of transfers and promotions.

If the language of the Complaint was unclear as to the extent of the lawsuit, Plaintiffs' first set of interrogatories left no doubt whatsoever that this action was intended to encompass hiring discrimination claims. Interrogatories 6, 7, 9, 10, 11, 12, 13, 15, 18 and especially 29, all deal with hiring policies either in whole or in part. Consequently the Court sees no need to require Plaintiffs to amend the Complaint before allowing the new plaintiffs to enter this action.

Defendants' objections as to the timeliness of this motion and the alleged delays which will result if this motion is granted are without merit. This litigation was still in the discovery phase at the time the motion was filed. Rule 21 "has been held to permit joinder of a party more than two years after commencement of the action, after trial, and even on appeal." *Gentry v. Smith*, 487 F.2d 571, 580 (5th Cir. 1973) (footnote omitted). At this initial stage of the litigation the Court finds that no prejudice would result to the existing parties by allowing these two proposed plaintiffs to join this action. *Gilbert, supra*, 347 F.Supp. at 1059.

Furthermore, as noted above, the present Plaintiffs' discovery requests already deal with Defendants' hiring practices, so that the Court sees little reason for any delay in proceeding with this action. Probably the only really new discovery which need be done is the taking of the depositions of West and Childers.

Finally, the Court finds that the interests of judicial economy will be served by adding these two new plaintiffs—whether or not class certification is granted. Denying the proposed Plaintiffs an opportunity to proceed here would only result in the filing of a second, possibly duplicitous suit. This Court is duty bound to prevent that sort of duplication of effort which is a waste of judicial resources. Obviously, this motion is an attempt by the original Plaintiffs to bring named Plaintiffs with a hiring claim based on race and sex discrimination into this litigation. However, this is not an objectionable tactic. "Putative classes [and their members] are parties within the meaning of Rule 21." *DeMalherbe v. International Union of Elevator Constructors*, 438 F.Supp. 1121, 1127 (N.D.Cal.1977).

For the reasons cited above, Plaintiffs' motion to add Childers and West as Plaintiffs to this action is hereby GRANTED.

*Rule 23 Motion*

Plaintiffs have submitted a renewed motion for class certification pursuant to Rule 23(a) and (b)(2), Fed.R.Civ.P. The Court, by Order of September 28, 1981, denied Plaintiffs' original motion for class certification because Plaintiffs had not satisfied the numerosity and typicality requirements of Rule 23(a)(1) and (3). The basis of the Court's denial was simply the failure of Plaintiffs to provide information on those issues. Furthermore, the Court found that there was some confusion about the identity of the class Plaintiffs sought to represent.

In their renewed motion, Plaintiffs have identified the putative class as "all past, present, and future female and black applicants and employees and all those blacks and females who at any time during the applicable statute of limitations have applied to work, have worked, or will work in the future for the Fulton County Police Department in any capacity." This state-

ment, while redundant, sets out the purported class Plaintiffs seek to represent, and provides a framework within which the Court can deal with this motion.

■ Plaintiffs seek to have this action certified as an "across the board" class action. Subsequent to the filing of this action, the Supreme Court issued a decision in the case of *General Telephone Co. of the Southwest v. Falcon,* —— U.S. ——, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), which rejected the "across-the-board" approach to class certification in Title VII cases which has traditionally been followed in the Fifth Circuit and Eleventh Circuit [2] to date. The *Falcon* case also sets out rather stringent guidelines for allowing a Rule 23 class action certification in Title VII cases such as this one which are based on disparate treatment theories. The Court finds, for the reasons set out below, that Plaintiffs' motion for class certification must be denied.

The primary concern of the *Falcon* decision is that district courts have failed "to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)" in Title VII cases. —— U.S. at ——, 102 S.Ct. at 2371. Therefore the Court must make an initial inquiry into exactly what the claims of the individual Plaintiffs are.

Plaintiff Hawkins alleges that he was denied a promotion to lieutenant on the basis of his race. He further asserts that he has been denied transfer requests and training, presumably on the ground that he is black. Plaintiff Walker's claim is apparently a constructive discharge claim. It is asserted in the motion for class certification that she "served amid the racially discriminatory atmosphere and harassment for more than 5 years before resigning in October 1981." Renewed Motion for Class Certification at 11. Plaintiffs Childers and West allege that they were denied employment by Defendants in June 1981 and May 1979 respectively because of their race (both) and sex (Childers).

The Supreme Court stated that the allegation that racial (or sex-based) discrimination has occurred "neither determines whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified." *Id.* at —— U.S. at ——, 102 S.Ct. at 2371. The Court went on to state:

> Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims. For respondent to bridge that gap, he must prove much more than the validity of his own claim. Even though evidence that he was passed over for promotion when several less deserving whites were advanced may support the conclusion that respondent was denied the promotion because of his [race or sex], such evidence would not necessarily justify the additional inferences (1) that this discriminatory treatment is typical of petitioner's promotion practices, (2) that petitioner's promotion practices are motivated by a policy of ethnic discrimination that pervades [the Police Department], or (3) that this policy of ethnic discrimination is reflected in [Defendant's] other employment practices, such as hiring, in the same way it is manifested in the promotion practices. These additional inferences demonstrate the tenuous character of any presumption that the class claims are "fairly encompassed" within respondent's claim.

*Id.*

In this case, the four named Plaintiffs have three different types of claims, even though their generalized allegations that Defendants used subjective, racially and

---

**2.** The Eleventh Circuit has never ruled on this issue; the Fifth Circuit precedent is binding under *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981).

sexually discriminatory criteria in making hiring and promotion decisions that affected them are somewhat similar. This will require quite different approaches for each Plaintiff to make out his or her individual prima facie case of discrimination. *See e.g., Pittman v. Hattiesburg Municipal Separate School Dist.*, 644 F.2d 1071 (5th Cir. 1981) (prima facie case of constructive discharge). This fact points out the inherent difficulty of class certification in a case such as this which the Supreme Court addressed in *Falcon*. The Court did not disagree with the proposition underlying the across-the-board rule that racial or sex-based discrimination is by definition class discrimination. However, a significant portion of *Falcon* is directed at showing that the grouping of various *types* of discrimination claims, with all of their differences and nuances, into a single class action is almost antithetical to the Rule 23 requirements of commonality, typicality and adequacy of representation.

 The claims of these Plaintiffs are clearly "disparate treatment" claims.[3] The Supreme Court in *Falcon* and *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), left open the possibility that a class action could be maintained in a disparate treatment case in limited circumstances. However, the class representation showing required by Rule 23(a) must contain a "specific presentation identifying the questions of law or fact that [are] common to the claims of [plaintiffs] and of the members of the class [they seek] to represent." *Falcon, supra,* —— U.S. at ——, 102 S.Ct. at 2371. Furthermore, there must be a showing of "*[s]ignificant proof* that an employer operated under a general policy of discrimination" in the areas of which these Plaintiffs are complaining. *Id.* at n.15 (emphasis add-

ed). Plaintiffs here have simply failed to meet the requisite *specific* showing *Falcon* requires. While there are some rather specific allegations concerning the situations of the individual Plaintiffs, Plaintiffs' motion lacks the type of detailed information concerning Defendants' alleged discriminatory policies to pass muster—*e.g.*, names of others who feel they should have been hired or promoted but who were not; names of those who were hired or promoted with lesser qualifications than those who were not hired; specific showings of the qualifications of those who were and were not hired or promoted; specific details—*i.e.*, time, place and persons present—of incidents in which racial slurs or epithets were directed against Plaintiffs or putative class members; names of others who feel they were constructively discharged; and more detailed statistical information on the work force and hiring practices than has already been provided. The number of instances of any of these occurrences must bear some relationship to the number of persons hired or promoted in some period of time which is relevant. In other words, any such occurrences must be statistically significant in light of the overall work force. *See Metrocare v. WMATA*, 679 F.2d 922 (D.C.Cir. 1982).

The *Rodriguez* case suggests that it is permissible for a district court to defer class certification until a trial is held on the merits of the plaintiffs' individual claims. Plaintiffs' motion is clearly insufficient as it has been presented to the Court, and must, therefore, be denied. However, because *Falcon* was decided after the instant motion was filed, the Court will allow Plaintiffs to file a renewed motion for class certification which meets the strictures of *Falcon* and this Order.

---

**3.** For a discussion of the definitions of and differences between disparate impact and disparate treatment claims, *see* this Court's order of June 29, 1982 in *Nation v. Winn-Dixie Stores, Inc.*, C80–1468, 95 F.R.D. 82. Here, as in *Nation*, one portion of the original Complaint could be viewed as presenting a disparate impact claim. Paragraph 5(d) of the Complaint alleges that "Defendants have maintained policies and practices which utilized,

subjected [sic], non-job related practices, which criteria operated to disparate [sic] and adversely affect blacks and females because of their race and sex." However, there is little, if anything, in the record that sets out what these criteria are. It is fairly clear, that the "criteria" Plaintiffs complain of are indeed a person's race or sex. Therefore, the Court determines that Plaintiffs' claims are basically disparate treatment claims.

■ If Plaintiffs desire to file a renewed motion for class certification, they must necessarily construct subclasses covering the three different types of claims—*i.e.,* promotions to lieutenant, hiring, and constructive discharge—which they have made. If Plaintiffs seek to make out a disparate impact claim pursuant to that part of the Complaint dealt with in note 3, *supra,* Plaintiffs must do the "leg work" and set out exactly what employment practices, procedures or policies are utilized by Defendants which allegedly adversely limit employment or promotion of blacks or women in a disproportionate fashion. *See generally, Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); *Pouncy v. Prudential Insurance Co. of America,* 668 F.2d 795 (5th Cir. 1982). Plaintiffs, if they choose to file such a motion, must set out *exactly* what their evidence on their individual, claims and the class issues at trial will be. The burden will be on Plaintiffs on all of the points listed above to make a proper and adequate showing.

If the renewed motion contains allegations which are too conclusory in nature to be effectively addressed by the Court, the motion will be denied. If the allegations in the renewed motion are sufficient to demonstrate to the Court that they would, if proven, constitute a systematic policy of discrimination, the Court will either enter an order deferring ruling on the class claims until the trial on the merits or proceed to make a determination after considering Defendants' response. *See* this Court's Order of June 29, 1982, in *Nation v. Winn-Dixie Stores, Inc.,* Civ. No. C80–1468, 95 F.R.D. 82.

Plaintiffs have sought certification pursuant to Rule 23(b)(2). The Court requests that in any renewed motion, Plaintiffs describe in detail the type of injunctive or declaratory relief to which they believe the class would be entitled if they prevail.

*Discovery*

Defendants have filed a document entitled "Objection to Plaintiff's Discovery." These objections appear to be on two grounds. The first is to the sheer volume of the requests made by Plaintiff. The second objection is to requests related to the newly added Plaintiffs and to the putative class. In response Plaintiffs have filed a motion to compel discovery.

Defendants' objections are that "most" of the discovery requests are overbroad, irrelevant and duplicative. There are no objections to the basic nature of the information sought. Defendants' objections as to the relevancy of the discovery related to hiring claims have been effectively overruled by this Order. Defendants, in their response to Plaintiffs' motion, now seem to realize that class related discovery is permissible even though no class has been certified.

Defendants' objections to the volume of the requests are well taken. There is unquestionably much duplication in the various requests. However, rather than going through each request to weed out these duplicative requests, the Court will simply allow Defendants to answer each question once and then refer back to that answer in its later responses to duplicative requests.

■ Defendants' objections on overbreadth and relevance grounds are too general to be addressed in any meaningful way by the Court. *See generally Brick v. Dominion Mortgage & Realty Trust,* 442 F.Supp. 283, 309 (W.D.N.Y.1977); *Reliance Insurance Co. v. Barron's,* 428 F.Supp. 200, 202 (S.D.N.Y.1977). Plaintiffs are entitled to the information sought, and without more specific objections, the Court finds that it must and, hereby does, GRANT Plaintiffs' motion to compel.

Plaintiffs have pending before the Court a motion to extend discovery. In light of the Court's denial of the class certification motion, that motion is DENIED. This does not affect the Court's rulings on the discovery matters discussed above. Nor does it prohibit the taking of depositions of the two newly added Plaintiffs. If Plaintiffs believe additional discovery is appropriate before the Court makes a determination as to whether the class claims may proceed, they should request same in their renewed motion.

In sum, Plaintiffs' motion to add Childers and West as parties-plaintiff is GRANTED; Plaintiffs' motion for class certification is DENIED; Plaintiffs' motion to compel is GRANTED; Defendants' objections to discovery are OVERRULED in part. The Court is unable to address the remainder of Defendants' objections in any meaningful manner. Plaintiffs' motion to extend the time for discovery is DENIED. In light of the Court's treatment of the class issues here, the case is now taken off the June 25, 1982 trial calendar.