Rita J. SHANNON and Jack Carter, Plaintiffs,

v.

HESS OIL VIRGIN ISLANDS CORPORATION, Defendant.

Civ. No. 75–291.

District Court, Virgin Islands, D. St. Croix.

Sept. 27, 1983.

John R. Coon, John K. Dema, Christiansted, St. Croix, V.I., for plaintiffs.

Alexander A. Farrelly, Birch, deJongh & Farrelly, Charlotte Amalie, St. Thomas, V.I., for defendant; Alfred W. Blumrosen, Newark, N.J., of counsel.

## MEMORANDUM AND ORDER

CHRISTIAN, Chief Judge.

This employment discrimination class action is before the Court on application of three individuals for intervention pursuant to Rule 24 of the Rules of Civil Procedure. For the reasons which follow, the applications of Roy Roberts and Johanna Dutton will be granted and the application of Anicetus LaCorciniere will be denied.

### I.

The named plaintiffs commenced this lawsuit under the terms of Title VII of the Civil Rights Act of 1967, 42 U.S.C. §§ 2000e–2000e–17. Other claims for relief are grounded upon 42 U.S.C. § 1981, 28

U.S.C. §§ 2201 and 2202 and 10 V.I.C. §§ 1–10 and 10 V.I.C. § 61. (Virgin Islands civil rights law). Although plaintiffs have framed their complaint to set forth both individual and class claims, they have yet to move for certification of a class or sub-classes pursuant to Rule 23. Defendant has repeatedly challenged the standing of the two named plaintiffs—each rejected applicants for hourly paid production jobs—to properly represent a class or subclasses made up of either incumbent employees or employees in non-production (or "exempt") positions. While defendant has been repulsed in previous efforts to dismiss the class action portion of the complaint, the Court did caution the named plaintiffs in its Memorandum of November 9, 1982 that in light of the recent decision of the Supreme Court in *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), they would be placed under a "strict obligation" to conform to the commonality and typicality requirements of Rule 23(a) at such time as they formally moved for class certification. 96 F.R.D. 236, 242 n. 7 (D.V.I.1982).

The present motion admittedly represents an attempt to include additional named plaintiffs who each share an identity of interest with certain of the proposed classes in a way that the original plaintiffs do not. The original plaintiffs, Shannon and Carter, alleged that in 1974 they were each denied employment in production (or non-exempt) positions at defendant's St. Croix facility due to the gender and race discrimination. After timely filing administrative changes with the E.E.O.C. in accordance with 42 U.S.C. § 2000e–5(a), and exhausting their remedies thereunder, they brought this action in April, 1975.

The three proposed intervenors fit into different categories. According to the submitted affidavits, Johanna Dutton will allege that she was denied a promotion sometime before May 17, 1975 and discharged on that date because of her gender;[1] Anicetus LaCorbiniere will allege that he was discharged from a so-called exempt position in

1981 because of his race; and Roy Roberts will allege that he was denied employment in an exempt, non-production position in May, 1974 because of his race.

Each of the proposed intervenors avers, by way of affidavit, that he or she has pursued available remedies on the assumption that he or she was a member of the class asserted in the initial 1975 complaint. Each avers that he or she has actively assisted plaintiffs' counsel in this action. It is however undisputed that none of the proposed intervenors has filed administrative charges with the E.E.O.C. pertaining to the alleged employment discrimination.

## II.

### A.

Before making a determination of whether any of the proposed intervenors meet the standards set forth in Rule 24, we must first decide whether their failure to have exhausted administrative remedies is fatal to their participation in the Title VII aspect of this lawsuit. Defendant strenuously argues that it is.

▆▆ Normally a party seeking relief under the terms of Title VII is required, as a condition precedent to the initiation of a lawsuit, to timely file administrative charges in the manner prescribed by 42 U.S.C. §§ 2000e–5(a) to 5(e). *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992, 1010–11 (11th Cir.1982). However, because the filing of an E.E.O.C. charge is not a mandatory prerequisite to the Court's exercise of subject matter jurisdiction over a Title VII action, *see Zipes v. Trans World Airlines Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), there are exceptions to the rule. For example, a nonfiling plaintiff may properly participate in a Title VII lawsuit as long as: (a) at least one plaintiff or class member in the existing action has timely filed an administrative complaint (and exhausted the remedies

1. The record does not indicate whether Dutton was in an exempt or non-exempt position.

thereto); and (b) the grievance of the non-filing party is *substantially similar* to or encompassed by the complaint of the filing party. The single filing rule has been applied in the context of class actions, *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 2370 n. 8, 45 L.Ed.2d 280 (1975); *Miller v. International Paper Co.,* 408 F.2d 283, 284–85 (5th Cir.1969); *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir.1968); *Lo Re v. Chase Manhattan Corp.,* 431 F.Supp. 189, 194 (S.D.N.Y.1977), as well as to multiple plaintiff litigation either not brought as a class action, *DeMedina v. Reinhardt,* 686 F.2d 997, 1012–13 (D.C.Cir. 1982); *Allen v. United States Steel Corp.,* 665 F.2d 689, 695 (5th Cir.1982); *Crawford v. United States Steel Corp.,* 660 F.2d 663, 664–65 (5th Cir.1981); *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 882–83 (8th Cir.1977), or not certified as a class action, *Jackson v. Seaboard Coast Line Railroad Co., supra* 678 F.2d 992, 1011–13; *Foster v. Gueory,* 655 F.2d 1319 (D.C.Cir. 1981); *Wheeler v. American Home Products Corp.,* 563 F.2d 1233, 1236 (5th Cir.1977).

The purpose of the single-filing rule was explained by the Court in *Oatis, supra,* as follows:

> It would be wasteful, if not vain, for numerous employees, all with the *same grievance,* to have to process many *identical* complaints with EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume that the next one would be successful.

398 F.2d at 498 (emphasis added). In *Foster v. Gueory, supra,* the Court elaborated on the rationale of *Oatis* as follows:

> It thus appears that the critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge or whether he may escape this requirement by joining with another plaintiff who has filed such a charge, is *similarity of the two plaintiffs' complaints.* Where the two claims are so similar that it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges, then it would be 'wasteful, if not

vain.' 398 F.2d at 498, to require separate EEOC filings. However, where the complaints differ to the extent that there is a real possibility that one of the claims might be administratively settled while the other can be resolved only by the courts, then the rationale of *Oatis* does not apply. In such a case each plaintiff should be required to separately file an EEOC charge in order to effectuate the purpose of Title VII's provisions for administrative relief.

655 F.2d at 1322 (emphasis added).

Applying these principles to the case at bar, we must determine whether the claims of any of the proposed intervenors are "similar" enough to the claims of the named plaintiffs so that there would have been no "practical purpose" in the filing of additional administrative charges. This is a determination that can properly be made separate and apart from any decision as to whether the proposed plaintiffs share "common" injuries for purposes of either intervention or class certification. Indeed, given the pre-certification posture of this case, the present attempt at intervention is more akin to the effort to join co-plaintiffs in *Allen v. Amalgamated Transit Union Local 788, supra* 554 F.2d 876, than it is to effort to join class members in the certified class action in *Lo Re v. Chase Manhattan Corp., supra* 431 F.Supp. 189. In any event, the fact that a Rule 23 determination has yet to be made, does not preclude the relief sought here.

We will consider each of the proposed intervenors separately.

▆▆ Johanna Dutton's grievance dates from the same general period as Shannon's and Carter's. Her affidavit reveals that, like plaintiff Shannon, she alleges discrimination based on gender. Unlike both of those plaintiffs, she complains of discriminatory treatment in *promotion* and in her *discharge* rather than in *hiring.* We are satisfied however that the injury allegedly suffered by Dutton is "essentially identical" to that alleged by Shannon as to bring it within the scope of the single filing rule. Notwithstanding the difference in status

between the filing plaintiffs and Dutton, defendant has been on notice, by virtue of the across-the-board theory set forth in Shannon's complaint, that practices and policies pertaining to hiring *as well as* to promotions were under attack. Whether or not the "across-the-board" class challenge embodied in the initial complaint will actually survive, defendant can certainly claim no undue prejudice by the assertion of the type of complaint now proposed by Dutton; i.e., gender discrimination in promotion practices in 1974 and 1975. *See Griffin v. Wainwright,* 30 E.P.D. 28,288 28,290 (N.D. Fla.1982) (intervention of rejected applicant in Title VII class action permitted where named plaintiff was an incumbent employee).

In addition, due to the similarity of discriminatory treatment alleged, the proximity in time to Shannon's administrative filing and the inability of the parties to this action to resolve any of their differences outside the court, it is probable that E.E.O.C. conciliation would have failed in Dutton's case as it had in Shannon's. As no real purpose would have been served by the filing of separate gender discrimination charges we hold that Dutton's failure to do so does not preclude her intervention in this lawsuit as a named plaintiff.

■ Roy Roberts also comes under the protection of the single filing rule. His grievance arises in and about the same general time frame in which Shannon and Carter filed their E.E.O.C. charges and, like the filed charges, it focuses on discrimination in hiring by the defendant. The fact that Roberts, unlike the original plaintiffs, was an unsuccessful applicant for a so-called "exempt" a position does not change the similarity of his alleged injury to that of Carter's. Non-filing parties have been permitted to join in Title VII actions even where they been employed in different departments from those of the filing plaintiffs. *Crawford v. United States Steel Corp., supra* 660 F.2d at 666; *Oatis v. Crown Zellerbach Corp., supra* 398 F.2d 496.

■ The injuries alleged by Anicetus LaCorbiniere do not bear the requisite similarity to the injuries claimed by Shannon and Carter. It has been established that in order for a non-filing plaintiff to escape the administrative exhaustion requirement of Title VII, "the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment *in the same time frame.*" *Jackson v. Seaboard Coast Line Railroad Co., supra* 678 F.2d at 1012 (emphasis added). LaCorbiniere's grievance centers on events which occurred six years after Shannon and Carter filed their administrative charges. Because his proposed complaint obviously does not arise out of the same "time frame" as the claims of the filing plaintiffs, LaCorbiniere cannot be excused from compliance with the administrative pre-conditions imposed by Title VII. He, therefore, cannot intervene in the Title VII aspect of this lawsuit.

### III.

We now consider whether any of the proposed intervenors meet the criteria for intervention set forth in Rule 24.

Rule 24(b), which authorizes permissive intervention provides as follows:

Upon time application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

### A.

■ The first requirement under Rule 24(b) is that the application for intervention

must be timely. A determination of timeliness is to be made with reference to "all the circumstances, including the purpose for which intervention is sought ... and the improbability of prejudice to those already in the case." *Natural Resources Defense Council v. Costle,* 561 F.2d 904, 907 (D.C.Cir. 1977). In a class action, the test is whether intervention was sought "as soon as it became clear ... that the interests of the unnamed class members would no longer be protected by the named class representatives." *United Airlines Inc. v. McDonald,* 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423 (1977).

■ Defendant argues first that the proposed intervenors are time barred from participating in this suit because they did not seek intervention within the 90 day period for initiating an action set forth in 42 U.S.C. § 2000e–5(f)(1). However having found that Dutton and Roberts were excused from the exhaustion requirements of Title VII, it would be illogical not to excuse them from the limitations period set forth therein. Moreover it is well established that "the commencement of a class action suspends the applicable statute of limitations as to all *asserted members* of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974). (emphasis added). It is true that in *American Pipe,* the proposed intervenors sought to join the lawsuit *subsequent* to the time that class certification was sought and then denied. However, the purpose of the tolling rule in class actions—to promote efficiency and economy of litigation—is just as applicable where, as in the present case, "asserted members" of the class seek to intervene *prior* to class certification. We view the purpose of the proposed intervention as a legitimate attempt to strengthen the adequacy of representation of the contemplated class and to otherwise comply with the typicality re-

quirements of Rule 23. Rule 23(d)(2) expressly permits class members to "intervene and present claims" in order to protect the members of the class or "otherwise for the fair conduct of the action."

■ When read in conjunction, *American Pipe* and Rule 23(d)(2), do not restrict the tolling rule, as defendant urges, strictly to those persons formally excluded from the class. If the rule were so restricted, it would fail to protect those potential class members who, like Dutton and Roberts, have eschewed seeking individual relief in reliance on the commencement of the class action by the named plaintiffs. The court in *American Pipe* was obviously concerned with the position of putative class members "in situations in which the district court's ruling on maintenance of a class action is difficult to predict ..." *Haas v. Pittsburgh National Bank,* 526 F.2d 1083, 1097 (3rd Cir.1975).[2] There is no reason to delay consideration of these intervention requests until after the class is defined particularly where, as is evident here, the proposed intervenors have acted "as soon as it [became] clear that the interest of the unnamed class members" might not "be protected by the named class representatives." *United Airlines, Inc. v. McDonald, supra* 432 U.S. at 394, 97 S.Ct. at 2469. In light of the policies underlying both the relevant case law and Rule 23(d)(2), we hold that the tolling rule of *American Pipe* is available to putative class members who seek intervention *prior* to the Court's disposition of the request for class certification and who otherwise comply with Rule 24.

Defendant also contends that even if the class action tolling rule does apply, the requests for intervention are still untimely because the applicants should have sought this relief as soon as the *Falcon* decision was announced or, alternatively, as soon as defendant began to attack the standing of the original plaintiffs to represent all of the purported class members. We are satisfied however, that the applicants for interven-

---

**2.** Defendant points to dicta in *Haas* which suggests that the tolling rule of *American Pipe* can not be properly applied prior to the determina-

tion of class certification. *See* 526 F.2d at 1098 n. 21. However no decision has been cited which squarely stands for that proposition.

tion acted "as soon as it became clear" that certain class members might not have adequate representation.

This Court issued its caution on the effect of *Falcon* on November 9, 1982 and the present applications were filed on February 2, 1983. In view of the case law prior to *Falcon,* it was reasonable for these proposed intervenors to believe that "they could secure relief as members of a plaintiff class" without serving as named plaintiffs. *Foster v. Gueory, supra* 655 F.2d at 1324 (intervention of right permitted in Title VII suit originally commenced as a class action). The fact that this Court had not determined the existence of or scope of the class at the time intervention was sought (as was the case in *McDonald* and *Foster* ) adds nothing to defendant's claim of untimeliness. The effort to remedy potential defects in the class allegations (whether it ultimately proves successful or not) was initiated within 90 days following the Court's warning about the adequacy of the current class representatives. In any event, for reasons previously suggested, any delay in the requests for intervention is non-prejudicial. Defendant has been on . notice since the inception of this lawsuit of possible class wide or multiple plaintiff liability with respect to both hiring and promotion practices. *See Hill v. Western Electric Co., Inc.,* 672 F.2d 381, 386 (4th Cir.1982); *Foster v. Gueory, supra* 655 F.2d at 1324; *Johnson v. Brace,* 472 F.Supp. 1056, 1059 (E.D.Ark. 1979).

Under all the circumstances outlined above, the applications for intervention have been timely filed pursuant to the terms of Rule 24(b).

### B.

■ The second requirement for permissive intervention, as set forth in Rule 24(b)(2), is that the "applicant's claim ... and the main action have a question of law or fact in common." We have already noted that for purposes of the single filing rule, the claims of Dutton and of Roberts are substantially similar to those of the original plaintiffs. The wrongful acts alleged by Dutton and by Roberts arise from the same time frame as those challenged in the initial complaint, and relief is sought on the same statutory grounds. Furthermore the claims of the proposed intervenors share a common theory of liability with the claims of the original plaintiffs, namely that certain practices and policies of defendant have amounted to a system-wide pattern of discrimination based on race and gender. Finally, at least with respect to Roberts, it is alleged that, as with the original two plaintiffs, he suffered discriminatory treatment as a result of the hiring practices of the defendant.

The effort to intervene Dutton is somewhat different to the extent that she proposes to bring a claim of discrimination in *promotion* into a class action in which the named plaintiffs assert claims only of discrimination in *hiring.* In the wake of both *Falcon* and this Court's prior warning on the scope of the class action contemplated here, the request to include Dutton as a named plaintiff is concededly an attempt to salvage plaintiffs' "broad side" class attack on behalf of both applicants and employees. However, in at least one reported post-*Falcon* decision, this tactic was held not to be "objectionable." *Hawkins v. Fulton County,* 95 F.R.D. 88, 91 (N.D.Ga.1982). In *Hawkins,* the named plaintiffs in a Title VII class action had alleged individual injuries in discriminatory promotion and transfer practices. Following the Court's initial denial of class certification, plaintiffs sought to join, pursuant to Rule 21, two putative class members who alleged individual injuries in discriminatory hiring practices. In granting the motion to add the two rejected applicants as parties-plaintiff the Court stated as follows:

The basis of the Court's decision is not that the claims of the new Plaintiffs and those of the original Plaintiffs are similar, but rather that there are potential common questions of fact involved in the various claims ... Specifically, Plaintiffs allege that the same people were in charge of both hiring and promotion decisions for Defendant. The discovery done

to this point at the least shows this to be a distinct possibility. Because an inquiry into the motives of these decision makers will be necessary in a trial on the hiring and promotion claims, there appears to be enough carryover for the Court to find joinder of the proposed Plaintiffs to be proper at this time.

*Id.* 95 F.R.D. at 90. (citation omitted).

Even though based upon Rule 21, the reasoning in *Hawkins* is applicable to the present Rule 24 requests for several reasons. Firstly, as long as it is permissible under the *Falcon* ruling to permit as class of both applicants and employees where the alleged discrimination occurs "in the same general fashion," 457 U.S. at 159 n. 15, 102 S.Ct. at 2371 n. 15, it follows that the claim of an employee may indeed share a "common question" of law or fact with the claim of an applicant at least as the term is defined by Rule 24(b). Secondly, although the record here does not indicate an "overlap" in decision making as between hiring and promotion, the original plaintiffs and the proposed intervenors each allege that a system-wide pattern of employment discrimination has manifested itself in similar ways in both hiring and promotion. "While the individual acts of discrimination suffered by the plaintiffs and the [proposed intervenors] may differ, they each assert their claims as a result of the same 'significantly protectable interest' . . . in being free of racial [or gender] discrimination in employment." *Foster v. Gueory, supra* 655 F.2d at 1325. Thirdly, the allegations of the initial complaint as well as the discovery conducted to date have addressed the types of claims asserted now by Roberts and by Dutton. No measurable surprise or prejudice will be inflicted upon defendant by permitting their participation in this action as named plaintiffs. *See Johnson v. Brace, supra* 472 F.Supp. 1056, 1059.

Finally, we conclude, as the Court in *Hawkins* did, that the proposed intervention of putative class members will serve the interest of judicial economy, "whether or not class certification is granted," since denying the requests to intervene "would result in the filing of a second, possibly duplicitous suit." *Id.* 95 F.R.D. at 91.

In sum, we are persuaded that the claims proposed by Roberts and by Dutton each share a common question of law or fact with the claims asserted by original plaintiffs.

█ We decline to exercise the discretion afforded by Rule 24(b) in favor of Anicetus LaCorbiniere. For the same reason that his proposed complaint did not meet the test of "similarity" for purposes of the single filing rule under Title VII, we conclude that it does not meet the common issue requirement of Rule 24(b). Even though LaCorbiniere obviously shares the same "protectable interest" asserted in the main action, his claim for relief is far removed in time from the period at issue in that action. Accordingly, his application for intervention will be denied insofar as it seeks to participate in the non-Title VII causes of action set forth herein.

### C.

The final criterion which must be met under Rule 24(b), is that the proposed intervention "will not unduly delay or prejudice the adjudication of the original parties." For reasons suggested above, the intervention of Dutton or Roberts at this juncture of the proceedings involves no appreciable surprise. Nor does their intervention impermissibly expand the scope of the class allegations beyond that initially pleaded by the original plaintiffs. The mere inclusion of additional parties-plaintiff can not, *ipso facto,* constitute a certified class nor guarantee such a certification when it is formally requested.[3]

In granting the request for permissive intervention we do not decide whether or to what extent Roberts or Dutton are proper class representatives under the terms of Rule 23 or whether the specific commonality requirements therein have been met.

---

**3.** Indeed the effort in *Hawkins* to cure the defects in the initially asserted class claims by way of Rule 21 joinder did not succeed. The renewed motion for class certification was denied even with the presence of the additional named plaintiffs. *Id.* 95 F.R.D. at 91–94.

Their participation in this lawsuit at this state assures only that they may press forward with their individual claims of employment discrimination should class certification be denied.

The final question raised with respect to the proposed intervenors is whether their claims under 42 U.S.C. § 1981 and/or Title 10 of the Virgin Islands Code are time barred.

We have already held, on the basis of *American Pipe and Construction Co. v. Utah,* and Rule 23(d)(2), that the commencement of the class action by the original plaintiffs on April 14, 1975 tolled the applicable limitations period for all "asserted members" of the class with a Title VII claim. Defendant has advanced no persuasive reason why the same rule should not apply to the claims of putative class members grounded on other federal and territorial civil rights statutes. "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Crown, Cork and Seal Co., Inc. v. Parker,* —— U.S. ——, ——, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983) (extending rule of *American Pipe* to class members who file separate actions). We therefore hold that to the extent that the applications of Roberts and Dutton for intervention seek to assert claims under 42 U.S.C. § 1981 and Title 10 of the Virgin Islands Code, they are not time barred.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the applications of Roy Roberts and Johanna Dutton for intervention in the above captioned action pursuant to Rule 24(b) be, and the same are hereby, GRANTED; and,

IT IS FURTHER ORDERED that the application of Anicetus LaCorbiniere for intervention be, and the same is hereby, DENIED.