Robert ANDERSON, Ronald E.
Aspgren, et al., Plaintiffs,

v.

MONTGOMERY WARD & CO., INC., et al., Defendants.

No. 82 C 7277.

United States District Court,
N.D. Illinois, E.D.

April 14, 1986.

Charles Barnhill and Paul Strauss, Davis, Miner, Barnhill & Galland, P.C., Joel F. Handler, Chicago, Ill., for plaintiffs.

James W. Gladden, Jr., Susan S. Sher, Judith M. Janssen, Mayer, Brown & Platt, Lawrence M. Donoghue, Chicago, Ill., Thompson Powers, Ronald S. Cooper, Edmund W. Burke, Peter L. Wellington, Step-toe & Johnson, Chartered, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

On February 18, 1986, this court issued a Memorandum Opinion and Order that, *inter alia,* granted summary judgment in favor of defendants with respect to the claims of seven of the plaintiffs in this action.[1] The court's judgment rested on the failure of those plaintiffs to file timely charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), as required by § 626(d) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(d).

Although numerous other plaintiffs filed timely EEOC charges alleging that defendant Montgomery Ward & Co., Inc., ("Ward") engaged in a pattern of age discrimination, the court rejected arguments that those filings saved the untimely plaintiffs. It held that the ADEA allows untimely claimants to "piggyback" their civil actions on the timely filings of other employees similarly situated only when two prerequisites are satisfied: first, at least one employee has filed a timely charge of discrimination with the EEOC that expressly purports to represent others similarly situated; and second, such a person has brought an ADEA action pursuant to 29 U.S.C. § 216(b) "for and in behalf of himself ... and any other employees similarly situated." Mem.Op. at 2–3. Neither prerequisite was satisfied in this action.

This case is now before the court on plaintiffs' motion for leave to file a Third Amended Complaint which would state, according to plaintiffs, "that the Complaint is brought as a representative action and, hence, ... would permit the plaintiffs who were recently dismissed to piggyback on the timely charges of others."

---

1. Catherine Breen, Ann Brown, Robert Collins, Victor Morris, Norman Nelson, Jerry Perkins, and William Sokolick.

Because the proposed amendment would satisfy only the second of the two prerequisites identified by the court, plaintiffs' motion requires the court as a threshold matter to reexamine its conclusion that an expressly representative EEOC charge is a necessary precursor to a representative action under the ADEA and § 216(b).[2]

## I. Necessity of a Representative Charge

There are three principal arguments against allowing individuals who fail to file timely EEOC charges to join ADEA actions where no plaintiff's timely EEOC charge expressly purports to represent similarly situated employees.

First, the purpose of the ADEA's charge-filing requirement "is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the [EEOC] with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation." H.R.Conf.Rep. No. 95–950, 95th Cong., 1st Sess. 12, reprinted in 1978 U.S.Code Cong. & Ad.News 504, 534. If an employee files a charge solely on his own behalf, neither the notice to the employer nor the EEOC's efforts at conciliation will focus on the claims of similarly situated employees. Allowing claimants to convert individual EEOC charges into representative actions therefore could undermine the objective of the charge-filing requirement.

Second, an employer may reasonably require more resources to respond to or resolve charges affecting many employees than to deal with charges involving only a single employee. If courts allow employees to convert their individual charges into representative civil actions, employers will have to treat all individual charges as potential representative actions, a result that may well cause employers to make unnecessary expenditures. Moreover, such a policy could confer unfair bargaining power on employees who could threaten to convert their individual charges into representative complaints unless they received concessions from their employers. *Foster v. CBS Records*, 109 F.R.D. 168, 39 Fair Empl.Prac.Cas. (BNA) 1588 (S.D.N.Y. Jan. 22, 1986).

Third, refusing to allow a plaintiff to bring a representative action unless he has filed an expressly representative EEOC charge does not burden that plaintiff's rights under the ADEA, because he remains free to pursue relief on his own behalf. To the extent that the prerequisite of an expressly representative charge is a technical pleading rule that some plaintiffs may inadvertently fail to comply with, the rule's only casualties are persons who have already failed to comply with the statutory charge-filing period, and who are merely being deprived of a chance to revive their lapsed claims by virtue of the plaintiff's timely filing. *Foster v. CBS Records, supra*, 109 F.R.D. 168, 39 F.E.P. at 1588 n. 2.

Two circuits have taken the position that individuals who fail to comply with the ADEA's charge-filing requirements cannot join an ADEA action brought by a similarly situated plaintiff unless that plaintiff filed an EEOC charge expressly purporting to represent other employees. In *Naton v. Bank of California*, 649 F.2d 691, 697 (9th Cir.1981), the Ninth Circuit held that the district court properly dismissed the claims of persons who failed to file timely charges, because the plaintiff's charge "expressed no intention to sue on behalf of anyone other than himself."

Similarly, the Fifth Circuit held in *McCorstin v. United States Steel Corp.*, 621 F.2d 749, 755–56 (5th Cir.1980), that while it remains an open question in that circuit whether persons who have failed to file timely EEOC charges can ever piggyback their claims on timely charges filed by other plaintiffs, the issue does not even arise where the timely plaintiff's charge

---

**2.** The parties have briefed this issue extensively in connection with plaintiffs' motion to amend, and plaintiffs have presented several authorities and arguments not previously before the court. Why plaintiffs reserved what appear to be their strongest arguments and authorities until after the court ruled once on this issue is an irritating mystery. Nonetheless, this court's duty is to decide the question before it after considering all of the relevant law, and if plaintiffs' belated submissions assist the court in that task, so be it.

and the ensuing EEOC negotiations do "not purport to include others similarly situated." Neither *Naton* nor *McCorstin* contains a detailed rationale for its conclusion that a representative EEOC charge is a prerequisite to a representative action.[3]

The three arguments against allowing piggybacking in the absence of an expressly representative EEOC charge are strong, but they are not overwhelming. At the outset, it is important to observe that each of these arguments applies as well to actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as to actions under the ADEA.

Title VII contains a charge-filing requirement comparable to that in the ADEA, 42 U.S.C. § 2000e–5(e). Because of the similarities in purpose between Title VII and the ADEA, "cases from one are frequently applied to similar cases under the other." *Elliott v. Group Medical & Surgical Service,* 714 F.2d 556, 557–58 n. 1 (5th Cir. 1983). *Accord, Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 754–58, 99 S.Ct. 2066, 2070–73, 60 L.Ed.2d 609 (1979).

In Title VII actions, courts have not required an expressly representative EEOC charge as a prerequisite to joinder by claimants who fail to file their own timely charges. Rather, they have consistently permitted untimely claimants to join Title VII actions when two circumstances exist: "First, at least one plaintiff must have filed an EEOC charge that is not otherwise defective.... Second, the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame." *Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992, 1011–12 (11th Cir.1982). *See also Snell v. Suffolk County,* 782 F.2d 1094, 1100–01 (2d Cir.1986); *Foster v. Gueory,* 655 F.2d 1319, 1323 (D.C.Cir.1981); *Crawford v. United States Steel Corp.,* 660 F.2d 663, 666 (5th Cir.1981); *Wheeler v.*

*American Home Products Corp.,* 563 F.2d 1233, 1239 (5th Cir.1977).

These restrictions—which do not include a requirement of an expressly representative EEOC charge—are sufficient to satisfy the purpose of the charge-filing requirement in both Title VII and the ADEA. Indeed, without directly addressing the necessity of an expressly representative EEOC charge, a number of courts have adopted this approach in holding that untimely claimants may join an ADEA action brought by co-workers so long as at least one plaintiff has filed a timely EEOC charge complaining of similar discriminatory conduct:

> The [EEOC] thereby receives notice of a particular discriminatory practice sufficient to determine whether agency litigation should be initiated and the employer is made aware of the prospect of litigation if conciliation efforts do not succeed. Moreover, it would be wasteful to force every similarly-situated individual to 'go through the repetitive and doubtlessly futile motions of another agency notice and waiting period.' [Citation omitted].

*Cavanaugh v. Texas Instruments, Inc.,* 440 F.Supp. 1124, 1127 (S.D.Tex.1977). *See also Shuster v. Federated Department Stores, Inc.,* 508 F.Supp. 118, 120–21 (N.D. Ga.1980); *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.,* 431 F.Supp. 793, 797–98 (D.Conn.1977). If the EEOC fails in its first attempt to negotiate an agreement between an employer and one claimant, there is little reason to expect that it will be more successful in repeat performances involving other claimants who complain of the same discriminatory conduct. *Foster v. Gueory, supra,* 655 F.2d at 1322; *Oatis v. Crown-Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir.1968).

It also seems unlikely that employers will be seriously prejudiced if courts allow untimely claimants to join representative

---

**3.** No circuit has yet allowed piggybacking in an ADEA action in the absence of an expressly representative EEOC charge. The Seventh Circuit has not yet spoken on whether a plaintiff's EEOC charge must be expressly representative before piggybacking can occur—nor, in fact, has it decided whether piggybacking is ever permissible in ADEA actions. Neither party presently challenges the court's conclusion of February 18, 1986, that the ADEA does allow piggybacking under certain circumstances.

actions despite the absence of expressly representative EEOC charges. If such a policy does lead employers to anticipate claims from employees similarly situated to an employee who has filed an EEOC charge on his own behalf, that result is entirely in keeping with the ADEA's goal of eliminating age discrimination in the workplace—even if this anticipation entails a degree of added expense to employers. Moreover, the power of employees to extort concessions from employers by threatening to convert their individual EEOC charges into representative actions seems only marginally greater than the leverage that employees could exert by threatening to file representative, rather than individual, EEOC charge.

The final argument for refusing to allow untimely plaintiffs to join an ADEA action in the absence of an expressly representative EEOC charge—that such a rule would only injure laggards who have already failed to comply with the charge-filing requirement—is also wide of the mark. It is true that individuals who fail to file timely charges of discrimination may not commence their own actions under the ADEA and may not seek the sympathy of the court in order to avoid the consequences of their inattentiveness. But the fact remains that the ADEA is a remedial statute, and its provisions must be construed generously in favor of those whom Congress intended the law to benefit. The language of the ADEA does not require an expressly representative EEOC charge, and the absence of such a requirement will not unduly prejudice employers. The court's interpretation of the ADEA therefore should not turn on whether the potential beneficiaries are deserving or undeserving.

■ For the above reasons, the court concludes that its ruling of February 18, 1986, was incorrect insofar as it held that an expressly representative EEOC charge is a prerequisite to the maintenance of a representative action under § 216(b). The better view is that individuals who fail to file timely EEOC charges may join an ADEA action brought by similarly situated plaintiffs if at least one plaintiff's timely EEOC charge is sufficient to notify the employer and the EEOC of the circumstances giving rise to the additional claims, and if those seeking to join could have filed their own timely EEOC charges at the time the plaintiff's charge was filed.

## II. *Plaintiffs' Motion for Leave to Amend*

Leave to amend a complaint should be granted freely in the absence of such factors "as undue delay, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ None of these factors is present here. There is no convincing argument that plaintiffs have sat on their rights. Nor will defendants suffer undue prejudice if the court allows plaintiffs' motion for leave to amend the complaint. The amendment would simply restore the claims of the seven plaintiffs who failed to file timely EEOC charges. Those plaintiffs have long been parties to this litigation, and counsel have informed the court that discovery with respect to their claims is virtually complete.

Defendants argue that if plaintiffs are allowed to convert this lawsuit into a representative action, numerous former Ward employees who have not previously participated in this litigation may opt-in, thus greatly expanding defendants' potential liability and causing substantial prejudice. This danger is remote. Because of the advanced stage of this litigation, the court could exercise its discretion to bar joinder by newcomers whose claims would result in undue delay or undue prejudice to defendants. *See King v. Motor Freight Express*, 35 Fair Empl.Prac.Cas. (BNA) 1508, 1510 (N.D.Ill.1980) (refusing to allow amendment of complaint that would add new parties and issues and require additional discovery long after commencement of litigation).

Moreover, individuals who suffered discrimination at the same time as the original plaintiffs and who seek to join this litiga-

tion for the first time after amendment of the complaint would likely find their claims barred by the three-year statute of limitations in ADEA actions. 29 U.S.C. § 255. Prior participants in this action would not face a similar bar, however, because defendants have been aware of their claims and have actively defended against them since well before the expiration of the limitations period.

Plaintiffs' motion for leave to amend would be futile if the amended complaint could not survive a motion to dismiss. The court has concluded, however, that untimely claimants may join an ADEA action brought by a similarly situated plaintiff if that plaintiff's timely EEOC charge is adequate to provide notice of the circumstances giving rise to the additional claims.

An examination of the EEOC charges filed by the plaintiffs in this action indicates that numerous plaintiffs filed timely charges alleging that Ward's "Voluntary Separation Plan" was in fact involuntary and discriminatory, and that Ward engaged in a systematic policy of terminating its older employees and replacing them with younger workers. These charges sufficiently notified the EEOC and defendants of conduct that, if it was in fact discriminatory, likely affected employees beyond those who filed timely charges. The adequacy of these charges is particularly plain in light of the rule that "a court must read EEOC charges broadly when determining its jurisdiction, and a claim may encompass ' "any discrimination like or reasonably related to the allegations of the charge and growing out of such allegations." ' " *Caldwell v. National Association of Home Builders,* 771 F.2d 1051, 1054 (7th Cir. 1985).

Accordingly, plaintiffs' motion for leave to file a third amended complaint is granted. This ruling shall not prejudice defendants' right to challenge the claims of those other than the named plaintiffs in the representative action, on the ground that they are not similarly situated to the plaintiffs whose timely EEOC charges form the basis of the representative action, or that those other than the representative plaintiffs could not have filed timely EEOC charges

at the time that the representative plaintiffs filed their own charges.

IT IS SO ORDERED.