**Gloria LANGE, et al., Plaintiffs,**

v.

**CIGNA INDIVIDUAL FINANCIAL SERVICES COMPANY, et al., Defendants.**

**Civ. A. No. 90–2053–O.**

United States District Court, D. Kansas.

June 27, 1991.

Thomas H. Bornholdt, C. Edward Peterson, Perry & Hamill, Overland Park, Kan., for plaintiffs.

William J. Hatley, Overland Park, Kan., Jack D. Rowe, Lathrop, Norquist & Miller, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on motions for reconsideration filed by defendants and by plaintiffs Marianne Crowley and Levetta Sneathen. On March 20, 1991, the court issued a memorandum and order granting defendants' motion to amend answer and granting in part and denying in

part plaintiffs' motion to strike affirmative defenses. Both sides now object to various portions of the court's order. Having considered the parties' arguments, the court is now prepared to rule.

### Background

Plaintiff Gloria Lange ("Lange") worked for defendant Cigna Individual Financial Services Company ("Cigna") as a financial planner from February 15, 1985, until July 11, 1988. Although Lange claims that she was subjected to sexual harassment during her employment at Cigna, and that she was terminated because of her sex, she did not file a charge of discrimination with the EEOC subsequent to her employment at Cigna.

Plaintiff Marianne Crowley ("Crowley") worked as an investment product coordinator for Cigna from June of 1987 until August 19, 1988. In her complaint, Crowley alleges that she was subjected to sexual harassment at Cigna and was constructively discharged. However, like Lange, Crowley did not file a charge of discrimination with the EEOC subsequent to her termination.

Plaintiff Levetta Sneathen was never employed by defendant Cigna. Rather, Sneathen applied for a position at Cigna on May 15 and 16, 1987, but was not offered a position. Although Sneathen now claims that she was denied a position because of her sex, she did not file a charge of discrimination with the EEOC.

Plaintiff Joyce Pino ("Pino") was employed at Cigna as a financial planner from January 1, 1988, until December 8, 1988. On June 6, 1989, Pino filed a charge of discrimination with the EEOC claiming that she was paid less than her male co-workers and was discharged because of her sex and in retaliation for her associating with females who had previously been discharged from Cigna and who Cigna believed were potential sex discrimination plaintiffs.

On February 22, 1990, plaintiffs Lange, Crowley, Sneathen, and Pino filed the instant action, pursuant to Title VII of the Civil Rights Act of 1964, requesting relief from the alleged employment discrimination. Although plaintiff Pino was the only plaintiff to have complied with the Title VII procedural requirements, plaintiffs Lange, Crowley and Sneathen argued that they were entitled to join in this action pursuant to the "single-filing rule" adopted in several circuits.

In their answer, defendants set forth several affirmative defenses attacking the failure of Lange, Crowley and Sneathen to comply with the Title VII procedural requirements. Subsequent to the filing of the answer, plaintiffs filed a motion to strike these affirmative defenses.

On March 20, 1991, the court issued a memorandum and order granting in part and denying in part plaintiffs' motion to strike the affirmative defenses. *Lange v. Cigna Individual Fin. Serv. Co.*, 759 F.Supp. 764 (D.Kan.1991). In the order, the court adopted the "single-filing rule" which allows a plaintiff who has not complied with the Title VII procedural requirements ("non-complying plaintiff") to join with a plaintiff who has satisfied the procedural requirements ("complying plaintiff") if the non-complying plaintiff's claims arise out of similar discriminatory treatment in the same time frame as the complying plaintiffs. *Id.* at 767–69. Applying the "single-filing rule," the court concluded that plaintiff Lange had met the requirements of the rule because her claims were substantially similar to those of Pino. *Id.* at 768. With respect to plaintiff Crowley, the court concluded that it was without sufficient evidence to determine whether Crowley's claims were substantially similar to those of Pino. *Id.* Finally, the court held that plaintiff Sneathen was not entitled to invoke the rule because her claims were not substantially similar to those of Pino. *Id.*

### Defendants' motion for reconsideration

■ Defendants now urge the court to reconsider its March 20, 1991, order and rule that plaintiff Lange is barred from asserting her Title VII claims. In support of their request, defendants argue that the "single-filing rule" is properly applied only to non-complying plaintiffs who could have filed EEOC charges at the time the comply-

ing plaintiff filed his or her EEOC charge. Imposing the requirement in this case, defendants argue, should prohibit plaintiff Lange from pursuing her Title VII claims because she could not have filed a timely EEOC charge on June 6, 1989, the date on which plaintiff Pino actually filed her EEOC charge.

Although every court adopting the "single-filing rule" has held that the claims of the complying and non-complying plaintiffs must arise "in the same time frame," only one appears to have actually discussed what is meant by this "same time frame" requirement. As noted by the defendants, the District Court for the Northern District of Illinois, Eastern Division, in *Anderson v. Montgomery Ward & Co., Inc.*, 631 F.Supp. 1546 (N.D.Ill.1986), held that non-complying plaintiffs may invoke the "single-filing rule" and join an action only if they "could have filed their own timely EEOC charges at the time the [complying] plaintiff's charge was filed." *Id.* at 1550. Although *Anderson* appears to stand alone, the court has reviewed the facts of other cases adopting the "single-filing rule," and has found no variation from the requirement set forth in *Anderson* and now urged by the defendants.[1] *See, e.g., Hill v. Metro. Atlanta Rapid Transit Auth.*, 841 F.2d 1533, 1545 (11th Cir.1988); *Snell v. Suffolk Co.*, 782 F.2d 1094, 1100–01 (2d Cir.1986) (referring to non-complying claims as "subsequent" claims); *Shannon v. Hess Oil Virgin Islands Corp.*, 100 F.R.D. 327, 332 (D.V.I.1983) (denying use of the "single-filing rule" where the claims of the non-complying plaintiffs arose six years after those of the complying plaintiffs).

Notwithstanding the fact that the "single-filing rule" allows non-complying plain-

tiffs to bypass the procedural requirements of Title VII, the court finds no reason to vary from the standard enunciated in *Anderson* and wholly ignore the time requirements imposed by Title VII.[2] *Cf. Delaware State College v. Ricks*, 449 U.S. 250, 259–260, 101 S.Ct. 498, 504–05, 66 L.Ed.2d 431 (1980) (noting that the Title VII time limitations provisions reflect a value judgment concerning the point at which the interests of protecting valid discriminations claims are outweighed by the interests of precluding the litigation of stale claims). Accordingly, the court will allow non-complying plaintiffs to invoke the "single-filing rule" only when they could have filed an EEOC charge at the time the complying plaintiff filed his or her charge.

Applying this "same time frame" requirement to the facts in this case, the court finds it necessary to grant defendants' motion for reconsideration. As noted by the defendants, plaintiff Lange terminated her employment with Cigna on July 11, 1988, and had 300 days, or until approximately May 7, 1989, in which to file a charge of discrimination. *See EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988) (discussing the time limitations in situations where a state agency has waived its exclusive 60–day jurisdiction pursuant to a worksharing agreement); *Peterson v. City of Wichita, Kan.*, 706 F.Supp. 766, 774 (D.Kan.1989) (noting the existence of a worksharing agreement between the Kansas Commission on Civil Rights ("KCCR") and the EEOC which waives the KCCR's 60–day deferral rights). Unfortunately, plaintiff Pino did not file her EEOC charge until June 6, 1989.[3] Therefore, plaintiff Lange's claims do not meet the "same time frame" requirement because Lange could

---

1. For example, in *Zuckerstein v. Argonne Nat'l Laboratory*, 663 F.Supp. 569 (N.D.Ill.1987), a case heavily relied on by this court in adopting the "single-filing rule," the court did not define the "same time frame" requirement. However, from the facts set forth in the opinion, it is clear that Chang, the non-complying plaintiff, could have filed his charge with the EEOC at the time Zuckerstein, the complying plaintiff, filed his charge.

2. Although plaintiff Lange strongly opposes the adoption of the *Anderson* standard, she fails to suggest any workable, alternative definition for the "same time frame" requirement that is consistent with the policies of the "single-filing rule."

3. There appears to be some dispute concerning the exact date on which Pino filed her charge. For purposes of this motion, the court will consider June 6, 1989, as the date of filing.

not have filed a timely charge on June 6, 1989. Accordingly, the court finds that plaintiff Lange is not entitled to rely upon the "single-filing rule" and bypass the Title VII procedural requirements.[4]

### Crowley and Sneathen's motion for reconsideration

Plaintiffs Crowley and Sneathen have also filed a motion for reconsideration in which they urge the court to allow them to invoke the "single-filing rule." Crowley has presented the court with additional facts concerning her claims and argues that her claims are "substantially similar" to those of Pino. Sneathen has done likewise. In response, defendants argue that Crowley and Sneathen are not entitled to invoke the rule because their claims are not substantially similar to Pino's and because neither Crowley nor Sneathen could have filed a charge as of June 6, 1989.

■ The court will grant in part and deny in part plaintiff Crowley's motion for reconsideration. After reviewing the additional facts presented by Crowley, the court is satisfied that her claims of discrimination are substantially similar to those of Pino. However, the court finds that Crowley's claim of discriminatory discharge cannot meet the "same time frame" requirement discussed above. Specifically, plaintiff Crowley gave notice of her resignation on June 14, 1988, and worked thereafter until August 17, 1988. To have timely asserted her discriminatory discharge claim, Crowley would had to have filed a charge on or before April 10, 1989, approximately 300 days after June 14, 1988. *See Lowell v. Glidden–Durkee, Div. of SCM Corp.*, 529 F.Supp. 17, 19 (N.D.Ill.1981); *cf. Peterson*, 706 F.Supp. at 772. Thus, she clearly could not have filed a timely charge at the time Pino's charge was filed. The court will, however, allow Crowley to invoke the "single-filing rule" and proceed on her claim of sexual harassment. Construing the facts in the light most favorable to plaintiff Crowley, the court will assume that the defendants' discriminatory conduct

continued until Crowley's last day of work on August 17, 1988. Therefore, Crowley would have had until approximately June 13, 1989, to file a timely charge. Accordingly, Crowley can take advantage of the "single-filing rule" because she could have filed a timely charge at the time Pino's charge was filed.

■ The court finds no merit in plaintiff Sneathen's motion for reconsideration. Although Sneathen attempts to argue that her claims arise out of the "same pervasive atmosphere of discrimination and harassment," the court previously concluded, and affirms upon review, that Sneathen's failure to hire claim is not substantially similar to the claims asserted by plaintiff Pino. *See Lange*, 759 F.Supp. at 768; *see also Washington v. Brown & Williamson Tobacco Corp.*, 756 F.Supp. 1547, 1551–52 (M.D.Ga.1991) (denying application of "single-filing rule" where non-complying plaintiff's claim challenged hiring practices and complying plaintiff's claims challenged promotion and discipline procedures). Sneathen's motion for reconsideration will therefore be denied.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration (Doc. # 61) is hereby granted.

IT IS FURTHER ORDERED that the motion for reconsideration filed by plaintiffs Marianne Crowley and Levetta Sneathen (Doc. # 63) is hereby granted in part and denied in part.

---

**4.** In light of this conclusion, the court finds it unnecessary to determine whether Lange's filing period actually commenced on the date of her resignation rather than her last day of work.