Ewing E. LYLE, Plaintiff,

v.

**COMMODITY CREDIT CORPORATION, et al., Defendants.**

**Civ. A. No. 93–1257–FGT.**

United States District Court, D. Kansas.

Sept. 15, 1995.

John C. King, Law Office of John C. King, Ltd., Wichita, KS, for plaintiff.

Randall K. Rathbun, Office of United States Attorney, Wichita, KS, Andrew C. Phelan, United States Department of Justice, Washington, DC, for defendants.

### MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff seeks an injunction and declaratory judgment in this action against the Commodity Credit Corporation ("CCC"). Plaintiff claims that the CCC wrongfully turned over funds which the CCC owed him to the Internal Revenue Service in partial payment of plaintiff's tax liability, which the plaintiff has not disputed in this case. In essence, the plaintiff invokes this court's equitable jurisdiction for a determination that due to an technical error, plaintiff's tax liability should be excused.

The defendant moved to dismiss, arguing several legal points. Upon reviewing the defendants' motion to dismiss and the related memoranda, as well as the relevant statutes, it appeared that plaintiff had failed to state a claim for which relief could be granted. Plaintiff's complaint stated that the defendant had failed to follow the requirements for administrative offset set forth at 31 U.S.C. § 3716. However, 31 U.S.C. § 3701(d) provides that § 3716 does not apply to debts under the Internal Revenue Code. Accordingly, the court ordered the plaintiff to show cause why the case should not be dismissed. The plaintiff has responded to the show cause order and has moved to amend his complaint. (Doc. 33). The defendants have responded to plaintiffs' response and to plaintiffs' motion.

The facts as stated in the next three paragraphs are undisputed. The CCC is a wholly-owned government corporation within the United States Department of Agriculture. 7 C.F.R. § 780.3. The CCC administers the Department's price support programs, making payments to participating farmers through the Agriculture Stabilization and Conservation Service ("ASCS").

On March 15, 1993, plaintiff's wife applied for plaintiff to receive price support payments for wool transactions made in 1992. On April 30, 1993, the plaintiff entered into two contracts with the CCC to participate in the 1993 Price Support and Production Adjustment programs. The contract includes the statement that "[o]ffsets for debts owed to agencies of the United States government shall be made." (CCC–477 (Appendix) ¶ 16).

On March 11, 1993, the Internal Revenue Service ("IRS") had sent to the Kansas office of the ASCS a Notice of Levy indicating that plaintiff owed the United States government $26,233.36 in back taxes, interest and penalties. The defendants and the IRS had a long-standing agreement that the defendants treat and honor IRS notices of levy as administrative offsets.[1] Furthermore, CCC regulations required offset if the IRS had served a Notice of Levy. 7 C.F.R. § 1403.7(m)(4).[2] On April 14, 1993, pursuant to that agree-

---

1. The defendants contend that this was a proper practice, but have decided not to treat notices of levy as administrative offsets in the future in order to avoid further disputes.

2. 15 U.S.C. § 714b(d) authorizes the CCC to adopt regulations governing the conduct of its business.

ment, the ASCS offset a $901.94 wool payment under the March 15, 1993 application. On June 3, 1993, the ASCS offset $13,351 in payments due to plaintiff under the two April 1993 contracts. The IRS remains in possession of the offset funds.

The plaintiff contends that he, like others in his situation, has been damaged by the defendants' practice because he would not have applied for price supports if he had known that the money would go toward payment of his delinquent taxes rather than to him directly.

■ The plaintiff's Complaint alleged that the defendants failed to comply with the requirements for administrative offset established by the Debt Collection Act, 31 U.S.C. § 3716, and that the payment was not a proper levy under 26 U.S.C. § 6331(d) because at the time the Notice of Levy was filed, the plaintiff did not have any property in the hands of the defendants. Section 3701(d) provides that that statute is inapplicable to debts under the Internal Revenue Code. Accordingly, plaintiff does not state a claim for violation of the Debt Collection Act.

Plaintiff argues that his Complaint does state a claim that the payment of funds to the IRS was an improper levy. Plaintiff seeks to amend his Complaint to clarify his claim. He has attached his proposed Amended Complaint to his motion.

■ Federal Rule of Civil Procedure 15(a) states in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although leave to amend should be freely given in the absence of any apparent or declared reason, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963), a district court is justified in denying a motion to amend if the amendment would be futile because it cannot withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992); *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir.1990).

■ The court then turns to the question of whether the amended complaint plaintiff proposes would state a claim. The court considers that issue under the standard set forth for a motion to dismiss under Rule 12(b)(6). Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true" and all reasonable inferences must be indulged in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). Pleadings are to be liberally construed. *Gas–A–Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (1973). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ In this case, plaintiff's original Complaint fails to state a claim for which relief can be granted, and his proposed Amended Complaint fares no better. Plaintiff originally argued that the CCC's payment of funds to the IRS was not proper either as a levy or as an administrative offset. The plaintiff's proposed Amended Complaint sets forth a claim that the payment was an improper levy. As stated above, the plaintiff's assertion that the payment was an improper administrative offset was based entirely on the Debt Collection Act, a statute which is inapplicable to this situation. Furthermore, the CCC was authorized to treat an IRS Notice of Levy as an offset request pursuant to 7 C.F.R. § 1403.7(m)(4). Because the payment was proper as an administrative offset, it did not have to satisfy the requirements for a levy, which are set forth at 26 U.S.C. § 6331(d). Plaintiff's proposed Amended Complaint, which alleges a failure to comply with the requirements for levy, fails to state a claim for which relief can be granted. Ac-

cordingly, the amendment would be futile, and for that reason the court denies the plaintiff's motion to amend. Furthermore, the original Complaint fails to state a claim, and plaintiff has failed to show cause why it should not be dismissed. The court therefore grants defendants' motion to dismiss.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiffs' motion to amend complaint (Doc. 33) is hereby denied.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Doc. 5) is hereby granted.