**Linda D. OBBARDS, Plaintiff,**

v.

**HORTON COMMUNITY HOSPITAL, INC., Defendant.**

**No. 95–2266–GTV.**

United States District Court, D. Kansas.

Feb. 7, 1996.

**554**

Dale W. Bell, Helbert–Bell, Chartered, Emporia, KS and James M. Kaup, Logan, Riley, Carson & Kaup, L.C., Topeka, KS, for plaintiff.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Under consideration is Plaintiff's Motion To: 1) Amend Complaint; (2) Add an Additional Defendant; and (3) To Extend Deadline For Further Amending Complaint (doc. 18). Plaintiff seeks an order permitting her to add Primary Care Options, Inc. as a defendant; to amend Count III of her complaint; to add a Count IV, which would allege, pursuant to 42 U.S.C. § 1983, that defendant violated her rights under the First Amendment of the Constitution; and to extend the deadline for further amending her complaint by ten days to January 16, 1996. Defendant Horton Community Hospital, Inc. (Hospital) opposes the motion to the extent it seeks to add Count IV.

The court grants the uncontested portion of the motion. See D.Kan. Rule 7.4 (formerly 206(g)). Plaintiff may add Primary Care Options, Inc. as a defendant and amend Count III of her complaint as set forth in her Amended Complaint, attached to the memorandum supporting her motion. The court extends to January 16, 1996, the deadline for any other motions to amend.

■ The court next addresses the proposal of plaintiff to add Count IV to her complaint. She would thereby allege that her termination by defendant Hospital violated 42 U.S.C. § 1983 by depriving her of the right to free speech, protected by the First Amendment. She argues that defendant cannot defeat her motion by attacking the sufficiency of the proposed pleading. She suggests, furthermore, that cases defendant cites are inapposite. She argues that her pleading sufficiently asserts "actions under color of state law," consistent with the liberality for notice pleadings allowed by the Federal Rules of Civil Procedure.

Defendant Hospital urges denial of the proposed addition of Count IV. Citing *Phelps v. Wichita Eagle–Beacon,* 886 F.2d 1262 (10th Cir.1989) and *Dow v. Terramara, Inc.,* 835 F.Supp. 1299 (D.Kan.1993), it argues that plaintiff cannot succeed on her § 1983 claim. It contends that § 1983 applies only to actions performed under color of state law. It suggests that the proposed claims fail to allege action by the state. It asserts that in this instance a private, non-profit hospital employed plaintiff. It claims, furthermore, that it terminated her without any involvement by the state. It suggests that plaintiff has failed to show state involvement in its alleged misconduct.

■ Whether to allow a proposed amendment addresses the sound discretion of the court. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir.1995); *Wolf v. Prudential Ins. Co. of Am.,* 50 F.3d 793, 801 (10th Cir.1995). Fed.R.Civ.P. 15(a)

provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has characterized this as a "mandate ... to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The court may consider such factors as undue delay, any bad faith or dilatory motive of the moving party, and the prejudice an amendment may cause an opposing party. *Id.* "Prejudice under Rule 15 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Lange v. Cigna Individual Fin. Servs. Co.,* 759 F.Supp. 764, 770 (D.Kan.) (alteration in original), *reconsideration granted in part, denied in part on other grounds,* 766 F.Supp. 1001 (D.Kan.1991). "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis,* 60 F.3d at 1495. The court may also properly deny leave to amend when the amendment would not "withstand a motion to dismiss or otherwise fails to state a claim." *Lyle v. Commodity Credit Corp.,* 898 F.Supp. 808, 810 (D.Kan.1995). "Futility of amendment" justifies the denial of a motion to amend. *Hindi v. Prime Prod.,* No. 95–2049, 1996 WL 8036, at *2 (10th Cir. Jan. 10, 1996) (citing *Foman,* 371 U.S. at 182, 83 S.Ct. at 230).

 The argument of defendant invites consideration of whether the proposed amendment may survive a motion to dismiss the § 1983 claim. "Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Lyle,* 898 F.Supp. at 810 (citing *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. All reasonable inferences must be indulged in favor of the plaintiff, and the pleadings must be liberally construed." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984) (citations omitted). "The question is not whether a plaintiff will ultimately prevail, but whether he [or she] is entitled to offer evidence in support of his [or her] claims." *Lyle,* 898 F.Supp. at 810 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

Neither *Phelps* nor *Dow* involves a motion to amend the complaint. *Phelps* highlights the necessity for developing a factual record before determining the merits of a § 1983 claim. It states, "thus, the precise nature of the state's involvement ... is critical to a determination of whether there was state action involved in the discriminatory conduct upon which plaintiff's equal protection claim under Section 1983 is premised." 886 F.2d at 1271. In *Dow* the court granted summary judgment against a § 1983 claim, similar to the one presented here. 835 F.Supp. at 1304. It had previously denied, however, a motion to dismiss such claim. *Id.* at 1300.

The court here must decide whether the proposed § 1983 claim can withstand a motion to dismiss. *Dow* clearly shows that similar claims have done so. *Phelps* encourages development of a factual record. Plaintiff alleges in her proposed amended complaint that

24. Defendant Hospital's termination of Plaintiff violated her First Amendment right to free speech under color of state law, and Defendant is therefore liable under 42 U.S.C. § 1983.

25. Defendant Hospital contracts with Brown County, as well as with the City of Horton, to receive and administer public funds to provide ambulance service to Brown County and the City of Horton. Hospital personnel and County officials are believed to have had discussions prior to Plaintiff's termination regarding her criticisms of the Hospital's expenditure of such public moneys. Therefore, the Defendant is sufficiently involved with the business and governmental functions of Brown County and the City of Horton for its actions to be "under color of state law," as required by 42 U.S.C. § 1983.

Such allegations satisfy the requirements of the Federal Rules of Civil Procedure for notice pleadings. The court cannot say that

plaintiff will be unable to prevail on her claim. The court, therefore, does not find the proposed amendment futile. It will allow the amendment.

For the foregoing reasons the court sustains Plaintiff's Motion To: (1) Amend Complaint; (2) Add an Additional Defendant; and (3) To Extend Deadline For Further Amending Complaint (doc. 18). Plaintiff may file her Amended Complaint. The deadline for further amendments is extended to January 16, 1996.

IT IS SO ORDERED.