PER CURIAM.
This cause is before us on appeal from an order of the lower court granting summary judgment in favor of Appellees, the City of Tallahassee and the Tallahassee Police Department (TPD). Appellants George Bishop and Willard Dozier were among 25 present and former employees of TPD who sued Appellees alleging age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), and Chapter 760, Florida Statutes. The lower court granted summary judgment, finding that Appellants’ claims were time-barred and could be not revived by the “single-filing rule.” We affirm.
To bring an action for age discrimination in Florida, a complainant must file a charge with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discrimination. 29 U.S.C. § 626(d)(2); see Grayson v. K Mart Corp., 79 F.3d 1086, 1100 (11th Cir.(Ga.) 1996). While administrative filing requirements are preconditions to maintaining an action under the ADEA, they are not jurisdictional prerequisites posing an absolute bar to suit. Perkins v. Silverstein, 939 F.2d 463, 469 (7th Cir.(III) 1991)(citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). Accordingly, the time period for filing a charge may be equitably tolled or otherwise modified. Id.; Anderson v. Montgomery Ward & Co., Inc., 852 F.2d 1008, 1014-1016 (7th Cir.(Ill.) 1988)(explaining that the charge is designed to afford the defendant notice of the allegations against it and to permit informal methods of conciliation by the EEOC); Henderson v. AT & T Corp., 933 F.Supp. 1326, 1332 (S.D.Tex.1996). Here, Appellants concede they did not file timely administrative charges; however, they argue that their lawsuits are nevertheless sustainable under the “single-filing rule” because of the timely filing of plaintiff Edsel Dozier.[1] We reject this argument, holding that neither Appellant may invoke the “single-filing rule.”
Generally, the “single-filing rule” permits a plaintiff who has failed to file an EEOC charge to opt into a lawsuit by “piggybacking” onto the valid charge of another plaintiff. Grayson, 79 F.3d at 1101 (holding, inter alia, that the “single-filing rule” applies to ADEA suits); Howlett v. Holiday Inns, Inc., 49 F.3d 189 (6th Cir.(Tenn.) 1995)(hold-ing that the “single-filing rule” is not limited to class actions). The noncomplying plaintiff may rely on the complying plaintiffs valid administrative charge only where the claims of the noncomplying plaintiff and complying plaintiff arise from “similar discriminatory treatment in the same time frame.” Grayson, 79 F.3d at 1101-1102. Moreover, the phrase “arising in the same time frame” means that a noncomplying plaintiff will only be allowed to invoke the “single-filing rule” if he could have filed an EEOC charge at the time the complying plaintiff filed his charge. Lange v. Cigna Individual Fin. Serv. Co., 766 F.Supp. 1001 (D.Kan., 1991); Anderson v. Montgomery Ward & Co., Inc., 631 F.Supp. 1546 (N.D.Ill.1986); see also Laffey *724 v. Northwest Airlines, Inc., 567 F.2d 429, 472-473 (D.C.Cir.1976)(holding that under Title VII class action, single-filing cannot revive claims that are no longer viable at the time of filing); Henderson, 933 F.Supp. at 1332 n. 5 (citing Laffey). Applying these limitations of the “single-filing rule” to the case at bar requires us to affirm the summary judgment.
Appellant Dozier’s last possible date of alleged discrimination was April 30,1992, the day he retired from TPD. Accordingly, he had 300 days from that date, or until February 24,1993, to file his administrative charge. Because Edsel Dozier filed his charge well after that date, November 3, 1993, Appellant Dozier could not have filed a valid charge at the time of Edsel Dozier’s charge and cannot now rely on the “single-filing rule.” Likewise, Appellant Bishop cannot rely on the “single-filing rule” because his last day of employment was, at the latest, January 31, 1990, and his 300-day filing date expired long before Edsel Dozier filed his charge. In summary, Appellants are time barred and may not benefit from the “single-filing rule.”[2]
AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.

. Appellants have not claimed that the filing periods in this case should have been equitably tolled or otherwise modified; therefore, we do not address the issue.

. Because of our holding, we need not address the arguments relating to the statute of limitations.