Gloria LANGE, et al., Plaintiffs,

v.

CIGNA INDIVIDUAL FINANCIAL
SERVICES COMPANY, et al.,
Defendants.

Civ. A. No. 90–2053–O.

United States District Court,
D. Kansas.

March 20, 1991.

Thomas H. Bornholdt and C. Edward Peterson, Perry & Hamill, Overland Park, Kan., for plaintiffs.

William J. Hatley, Overland Park, Kan., and Jack D. Rowe, Lathrop, Norquist & Miller, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiffs' motion to strike affirmative defenses and defendants' motion for leave to amend answer. Having reviewed the motions, the court is now prepared to rule.

Plaintiffs Gloria Lange ("Lange"), Joyce Pino ("Pino"), Marianne Crowley ("Crowley") and Levetta Sneathen ("Sneathen") filed this action on February 22, 1990, pursuant to Title VII of the Civil Rights Act of 1964, requesting relief from alleged employment discrimination. Lange, Pino and Crowley, all former employees of defendant Cigna Individual Financial Services Company ("Cigna"), allege that they were subjected to sexual harassment while employed by Cigna and that their employment was terminated because of their sex.[1] Sneathen alleges that she interviewed for a position at Cigna but was not hired because of her sex.

Defendants Cigna, Larry Smith ("Smith") and Jeffrey P. Briley ("Briley") filed a joint answer on March 13, 1990, which included the following affirmative defenses:

### THIRD AFFIRMATIVE DEFENSE

3. The Court is without jurisdiction over the claims of plaintiffs Lange, Crowley and Pino of sexual harassment (Count I) as no charge alleging sexual harassment has ever been filed with any local, state or federal agency by plaintiffs Lange, Crowley or Pino as required by sections 706(e) and 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended [Title VII], 42 U.S.C. § 2000e–5(e) and (f)(1).

### FOURTH AFFIRMATIVE DEFENSE

4. The Court is without jurisdiction over the claim of plaintiff Lange of discrimination because of sex (Count II) because no charge alleging discrimination because of sex has ever been filed with any local, state or federal agency by plaintiff

---

1. Lange and Pino also seek relief under the Equal Pay Act, 29 U.S.C. § 206(d)(1).

Lange as required by sections 706(e) and (f)(1) of Title VII.

### FIFTH AFFIRMATIVE DEFENSE

5. The Court is without jurisdiction over the claim of plaintiff Sneathen of discrimination because of sex (Count III) because no charge alleging discrimination has ever been filed by plaintiff Sneathen with any local, state or federal agency as required by sections 706(e) and (f)(1) of Title VII.

### SIXTH AFFIRMATIVE DEFENSE

6. The Court is without jurisdiction over the claims of plaintiffs Lange, Crowley, Pino and Sneathen against defendants Smith and Briley of discrimination because of sex and sexual harassment (Counts I, II and III) because no charge alleging discrimination because of sex or sexual harassment has ever been filed by plaintiffs Lange, Crowley, Pino and Sneathen against those two defendants with any local, state or federal agency as required by sections 706(e) and 706(f)(1) of Title VII.

### 1. Motion to strike affirmative defenses

Plaintiffs request the court to strike each of the above-listed affirmative defenses. In support of their request, plaintiffs allege that on June 6, 1989, subsequent to her discharge, Pino filed a "charge of discrimination" with the Equal Employment Opportunity Commission. Plaintiffs further allege that: (1) this charge contained specific charges of discriminatory discharge, unequal pay, and hostile work environment; (2) this charge contained sufficient facts to assert a charge of sexual harassment; (3) the question of harassment is a necessary extension of any investigation of a hostile work environment charge; (4) under the "single file rule," they have a common basis for suit arising from facts occurring in a similar time period; (5) Smith and Briley are properly included as defendants, even though they were not specifically named in the charge; and (6) Smith and Briley were not prejudiced as a consequence of being omitted from the charge because the EEOC did not conduct an investigation and there was no opportunity for conciliation through EEOC proceedings.

Though framed as a motion to strike, both sides appear to have treated the motion as one for partial summary judgment. Specifically, plaintiffs in their reply admit that they "are attempting to obtain an early determination concerning four of defendants' twelve affirmative defenses." Further, both sides have submitted evidence outside of the pleadings in support of their arguments. Accordingly, even though conversion of a motion to strike into a motion for summary judgment is not explicitly authorized by the Federal Rules of Civil Procedure, the court will treat plaintiffs' motion as one for partial summary judgment. *See* 5A C. Wright and A. Miller, *Federal Practice and Procedure*, § 1380 (1990).

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences

tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

■ The court first turns to the question of how broadly to read plaintiff Pino's EEOC charge. Generally, a Title VII complaint may include any claims of discrimination not listed in the EEOC charge, as long as such claims are "like or reasonably related to the allegations of the EEOC charge." *Brown v. Hartshorne Public School Dist. No. 1,* 864 F.2d 680, 682 (10th Cir.1988) (citing *Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973)); *Babrocky v. Jewel Food Co. & Retail Meatcutters,* 773 F.2d 857, 864 (7th Cir.1985) ("The standard is a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions."). Accordingly, the issue here is whether Pino's claim of sexual harassment is "like or reasonably related to" the allegations of her EEOC charge.

■ In her EEOC charge, Pino alleges that she was paid less than her male co-workers and was discharged because of her sex and in retaliation for her associating with females who had previously been discharged from Cigna and who Cigna believed were potential sex discrimination plaintiffs. In her final allegation, Pino states: "I further believe that discrimination occurred in the form of a hostile work environment, as a result of my sex, female." Pino also submitted a seven-page affidavit with her charge setting forth in greater detail her allegations.

Liberally construing Pino's EEOC charge, the court finds that Pino's sexual harassment claim is "like or reasonably related to" the allegations contained in her charge. Clearly, Pino's charge does not mention the term "sexual harassment." However, reading her allegation of a "hostile work environment" together with the more detailed facts of her EEOC affidavit, the court concludes that Pino's charge was sufficient to encompass the sexual harassment claim now before this court. *See*

*generally Meritor Savings Bank v. Vinson,* 477 U.S. 57, 63–69, 106 S.Ct. 2399, 2403–07, 91 L.Ed.2d 49 (1986); *Baker v. Weyerhaeuser Co.,* 903 F.2d 1342, 1344 (10th Cir.1990). Accordingly, Pino is entitled to partial summary judgment with respect to the defendants' third affirmative defense.

The court next turns to the question of whether plaintiffs Lange, Crowley and Sneathen may pursue their Title VII claims against the defendants even though they have not filed EEOC charges. As pointed out by the plaintiffs, several courts have applied a "single-filing rule," which allows a plaintiff who has not complied with the Title VII procedural requirements to join a suit initiated by a plaintiff who has complied with the procedural requirements. *E.g., Snell v. Suffolk County,* 782 F.2d 1094, 1100–01 (2d Cir.1986); *Lilly v. Harris–Teeter Supermarket,* 720 F.2d 326, 335 (4th Cir.1983), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 539 (1984); *Zuckerstein v. Argonne Nat'l Laboratory,* 663 F.Supp. 569, 572–76 (N.D.Ill.1987).

Although the Tenth Circuit has not had an opportunity to discuss the "single filing rule," at least six other circuits have adopted the rule. *See Zuckerstein,* 663 F.Supp. at 572–74 (setting forth a thorough history of the rule). In so doing, the various circuits have noted that the policies of Title VII, notice to the employer and encouragement of conciliation, are not violated by allowing a non-complying plaintiff to join a complying plaintiff under appropriate circumstances. *Id.* Further, the courts have noted the futility of multiple individual filings when conciliation with a "similarly situated" plaintiff has already failed. *Id.*

■ Although the court is not bound by these cases, the court nonetheless finds them persuasive and will, under appropriate circumstances, allow a non-complying plaintiff to join a Title VII action filed by a complying plaintiff.

In determining whether non-complying plaintiffs may invoke the "single filing rule," the court must first determine

whether any of the plaintiffs filing suit have met the Title VII procedural requirements. *Id.* at 574. Assuming at least one plaintiff has met the requirements, the court must then determine whether the claims of the non-complying plaintiffs "aris[e] out of similar discriminatory treatment in the same time frame." *Id.* (citation omitted). Here, Pino has clearly met the requirements by filing a charge with the EEOC. Accordingly, the sole issue is whether the claims of Lange, Crowley and Sneathen are "substantially similar" to Pino's EEOC charge. *Id.*

■ Carefully reviewing the complaint and Pino's EEOC charge, the court finds that plaintiff Lange has met the requirement of demonstrating that her claims are substantially similar to those of Pino. Like Pino, plaintiff Lange was a financial planner for Cigna in its Overland Park, Kansas, office during 1988. Further, like Pino, Lange has asserted claims of sexual harassment and wrongful discharge. Finally, Lange was specifically mentioned in Pino's EEOC affidavit as a victim of sexual harassment and discrimination. Moreover, the affidavit indicated that Cigna supervisors were concerned that Lange would file a discrimination claim. Based upon these facts, the court finds that Pino's and Lange's claims are substantially similar and the filing of Pino's charge was sufficient to provide Cigna with notice of Lange's claims and encourage conciliation. Accordingly, the court will allow Lange to invoke the "single filing rule" and will grant partial summary judgment in favor of Lange with respect to the defendants' third and fourth affirmative defenses.

■ In contrast, the court finds that plaintiff Crowley has failed to demonstrate that she is entitled to invoke the "single filing rule." Although plaintiff Crowley worked at Cigna during the same general time period as Pino, she did not hold the same type of position as Pino. Further, there is no evidence indicating that the two women were in the same department or shared the same supervisors. Although

discriminatory practices can no doubt be systemic, the court cannot conclude, based upon the evidence presented by Crowley, that her claims are substantially similar to those of Pino. Accordingly, her motion for partial summary judgment will be denied.

■ Likewise, plaintiff Sneathen has failed to demonstrate that her claims are substantially similar to those of Pino. Unlike the other three plaintiffs, Sneathen was never employed at Cigna. Instead, Sneathen alleges that on May 15, 1987, she interviewed for a position as a financial planner, but was not hired because of her sex. Thus, Sneathen has asserted only a "failure to hire" claim. Based upon these limited facts, and on the fact that Pino's EEOC charge does not implicate Cigna hiring practices, the court concludes that Sneathen is not entitled to invoke the "single filing rule." Accordingly, her motion for partial summary judgment is denied.[2]

■ Finally, the court must determine whether Larry Smith and Jeffrey Briley are properly named as defendants in this matter, even though they were not named as respondents in Pino's EEOC charge. Both sides agree that, in this Circuit, omission of a party's name from the EEOC charge is not necessarily fatal to a subsequent action against that party. *See Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980); *Figures v. Board of Pub. Util. of Kansas City*, 731 F.Supp. 1479, 1481 (D.Kan.1990); *Scott v. City of Overland Park*, 595 F.Supp. 520, 524–25 (D.Kan.1984). Further, both sides agree that the court, in evaluating the failure to name a party before the EEOC, should review the following factors:

(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unneces-

---

**2.** The court notes the defendants have not filed a simultaneous motion to dismiss. Accordingly, the dismissal of Sneathen's claims must await further action by the defendants.

sary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romero,* 615 F.2d at 1312 (citation omitted).

The parties diverge, however, in their analysis of the above-listed factors. Plaintiffs contend that Smith and Briley are proper defendants because they were mentioned in Pino's EEOC affidavit. Further, plaintiffs contend that Smith and Briley have not been prejudiced by the fact that they were not specifically named as respondents in the EEOC charge. Finally, plaintiffs argue that it was logical for Pino to assume that the "relationship" between her and Smith and Briley was through Cigna. Smith and Briley, in contrast, contend that Pino could have named them as respondents because their roles in the alleged discrimination were reasonably ascertainable. Further, Smith and Briley argue that they were prejudiced because of the lack of opportunity to engage in conciliation. Finally, Smith and Briley allege that they never told Pino that it was unnecessary to name them as parties in her EEOC charge.[3]

■ Reviewing Pino's EEOC charge in light of the *Romero* factors, the court finds that it has jurisdiction over Smith and Briley. Admittedly, Smith and Briley were not named as respondents in Pino's EEOC charge.[4] However, they were specifically named in Pino's affidavit in which she set forth the facts supporting her charge of discrimination. In light of the fact that Pino was proceeding without aid of coun-

sel, the court finds it reasonable for her to have assumed that the interests of Smith and Briley were similar to those of Cigna. Further, the court finds it reasonable for her to have assumed that her relationship with Smith and Briley was through her employer, Cigna. *See Figures,* 731 F.Supp. at 1482. Finally, because of the fact that there was no EEOC investigation, the court is not convinced that Smith and Briley have suffered actual prejudice as a result of their not being named as respondents in Pino's charge. Accordingly, the court will grant partial summary judgment in favor of the plaintiffs with respect to the defendants' sixth affirmative defense.

*2. Motion for leave to amend answer*

Defendants have filed a motion for leave to amend their answer. Specifically, defendants seek leave to amend their fourth affirmative defense (failure to file administrative charge) so that it will be applicable to plaintiff Marianne Crowley. Plaintiffs oppose the motion on the basis of the arguments contained in their motion to strike.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Although the granting of such a motion is within the discretion of the court, the United States Supreme Court has indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an

---

**3.** This argument appears to misinterpret the fourth factor set forth in *Romero.* The question is not whether the defendants ever told Pino that it was unnecessary to include them in the EEOC charge. Rather, the question is whether they ever represented to Pino, in some manner, that their relationship with her was to be through Cigna.

**4.** Although Pino was aware, or should have been aware, of Smith's and Briley's roles in the alleged discrimination, the court notes that the

EEOC form is less than clear in providing guidance to persons asserting claims of discrimination against individual respondents such as Smith and Briley. Specifically, the form simply contains spaces for the names of two respondents and states: "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME."

amendment may cause the opposing party, and the futility of amendment. *Id.*

■■■ In the absence of a specific factor, such as flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend. *Dunn v. Kaaz Holding Co.*, No. 83–2375 (D.Kan., *unpublished*, July 2, 1985). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir.1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

■■■ Upon review, the court will grant defendants' motion for leave to amend. Although plaintiffs oppose the amendment, they have made no showing of prejudice. Instead, plaintiffs have addressed the merits of the amendment by asserting that Crowley can invoke the "single filing rule." In light of the court's previous conclusions with respect to the "single filing rule," the court finds no basis for denying defendants the opportunity to amend their answer.

IT IS THEREFORE ORDERED that plaintiffs' motion to strike affirmative defenses (Doc. # 32) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants' motion for leave to amend answer (Doc. # 49) is granted.