Lillian RUBIDOUX, et al., Plaintiffs,

v.

Bill JOHNSTON, et al., Defendants.

Civil Action No. 94–WM–202.

United States District Court,
D. Colorado.

Feb. 26, 1997.

---

1478

J.E. Losavio, Jr., Michael L. Garcia, Max Wilson, Charles P. Malone, Law Offices of J.E. Losavio, Jr., Pueblo, CO, for Plaintiffs.

Douglas Cox, Beverly Fulton, Assistant Attorneys General, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER, District Judge.

This matter is before me on defendants' motion for summary judgment to dismiss plaintiffs' claims of hostile work environment sexual harassment and retaliation under Title VII, 28 U.S.C. §§ 2000e–2(a)(1) and 2000e–3(a), and to dismiss all claims against the individual defendants. For the reasons set forth below, the motion is granted with respect to dismissal of the claims against the individual defendants but otherwise denied.

### I.

#### Issues

A. Whether defendants Johnson, Jaitly and Maselli should be dismissed from this case because they are not "employers" under Title VII?

B. Whether the court lacks subject matter jurisdiction over the claims against defendant Adamson because she was not named in the EEOC charges?

C. Whether plaintiff Wisthoff's retaliation claim should be dismissed for failure to exhaust administrative remedies?

D. Whether plaintiff Rubidoux's discrimination claims are barred because she failed to file timely charges with the EEOC?

E. Whether plaintiff Rubidoux's retaliation claim should be dismissed for failure to exhaust administrative remedies?

F. Whether defendant CMHIP is liable for the acts of Mr. Jiminez?

### II.

#### Jurisdiction

As plaintiffs bring claims under Title VII, this Court has concurrent jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3). *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 826, 110 S.Ct. 1566, 1570, 108 L.Ed.2d 834 (1990).

### III.

#### Standard of Review

Summary Judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of any issue of material fact. If that burden is met, the opponent has a burden of presenting specific facts which show that there is a genuine, material issue for trial. In doing so, the opponent "may not rest upon the mere allegations or denials of the adverse party's pleading...." Fed. R.Civ.P. 56(e). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Martin v. Nannie & the Newborns, Inc.,* 3 F.3d 1410 (10th Cir.1993). Ultimately, summary judgment is improper if, viewing the facts before the court in a light most favorable to the non-moving party and drawing all reasonable inferences in favor of that party, a reasonable jury could find in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### IV.

#### Background

Plaintiffs Wisthoff and Rubidoux have been employed by the Colorado Mental Health Institute of Pueblo ("CMHIP") since 1991 and 1989, respectively. They work in CMHIP's Child and Adolescent Treatment Unit ("CATC"), plaintiff Wisthoff as a psychiatric technician and plaintiff Rubidoux as a registered nurse. The CATC has five residential treatment units known as cottages. Each cottage is managed by a lead nurse and a team leader with another nurse who serves as a shift coordinator. Plaintiffs worked in Cottage A until November 1994, when plaintiff Rubidoux was transferred to Cottage B.

Mr. Jiminez, a CMHIP employee since 1969, was the lead nurse of Cottage A and plaintiffs' supervisor from the time that they were hired until September 28, 1992. By affidavit and deposition, plaintiffs state that Mr. Jiminez repeatedly sexually harassed them and fellow female employees. Plaintiffs reported Mr. Jiminez' harassment to the

**1480**

shift coordinator of Cottage A, Connie Huskins, who did not bring their complaints to her supervisor or other management. On September 28, 1992, Diane Vigil, another nurse in Cottage A, formally reported to CMHIP's Department of Public Safety that Mr. Jiminez had sexually harassed her. CMHIP immediately suspended Mr. Jiminez, investigated the charges and ultimately concluded that he had engaged in sexual harassment. He was terminated, a decision upheld on administrative appeal.

Plaintiff Wisthoff filed a timely charge of sex discrimination against CMHIP with the Equal Employment Opportunity Commission ("EEOC") on June 4, 1993, alleging *quid pro quo* and hostile work environment sexual harassment. On September 30, 1993, more than 300 days after last act of harassment occurred, plaintiff Rubidoux filed a similar charge, but the EEOC declined jurisdiction because the charge was untimely filed. Neither plaintiff claimed retaliation before the EEOC.

## V.

### *Analysis*

A. Whether defendants Johnston, Jaitly and Maselli should be dismissed from this case because they are not "employers" under Title VII?

■ Defendants Johnston, Jaitly and Maselli are no longer employees of CMHIP and suit was brought against them only in their official capacities. Plaintiffs do not object to their dismissal. Because individual capacity suits may not be brought under Title VII, *Haynes v. Williams,* 88 F.3d 898, 901 (10th Cir.1996), these claims should be dismissed.

B. Whether there is subject matter jurisdiction over the claims against defendant Adamson?

■ Generally, a court has no jurisdiction over Title VII claims against a party not named as a respondent in an EEOC charge. *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311 (10th Cir.1980). This rule provides a defendant with notice that his or her action is the subject of an investigation and the concomitant opportunity to participate in

the EEOC conciliation process. *Ball v. City of Cheyenne,* 845 F.Supp. 803, 812 (D.Wyo. 1993).

Although there are exceptions to the rule (*see Romero,* 615 F.2d at 1311–12), I find that plaintiffs' failure to name Ms. Adamson in their EEOC charges cannot be excused as she was deprived of notice that her actions were the subject of an investigation and an opportunity to participate in the EEOC conciliation. Therefore, the claims against Ms. Adamson must be dismissed.

C. Whether plaintiff Wisthoff's retaliation claim should be dismissed for failure to exhaust administrative remedies?

■ Plaintiff Wisthoff's EEOC filing did not include a charge of retaliation (nor did her affidavit filed therewith imply retaliation). Only in this case has plaintiff Wisthoff first asserted a retaliation claim. Defendants argue that the court lacks jurisdiction over that claim because plaintiff Wisthoff did not exhaust her EEOC remedies.

"Exhaustion of remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir. 1996). As a consequence of this rule, the charge filed with the administrative agency limits the scope of a subsequent civil action. *Parker v. Housing Authority of Kansas,* 92–3136 (10th Cir.1993) (1993 WL 207441 *7). However,

> [w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC. Further, an act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to that complaint, obviating the need for a second EEOC complaint.

*Ingels v. Thiokol Corp.,* 42 F.3d 616, 624–25 (10th Cir.1994) (citations and quotations omitted). In *Thiokol,* 42 F.3d at 625 n. 7, the plaintiff claimed that his employer had retaliated against him for filing a court action.

Even though the plaintiff had failed to bring an administrative charge for retaliation, the Tenth Circuit held that the claim was adequately related to the plaintiff's timely filed charge for discriminatory layoff, reasoning that "requiring a second trip to the state or federal administrative agencies to allege retaliation occurring during the pendency of a judicial proceeding would not achieve any purpose and would simply prolong and perhaps bifurcate the judicial proceeding." *Id.* at 625.

Here plaintiff Wisthoff could not have charged retaliation at the time she filed with the EEOC, because the alleged retaliatory acts were subsequent to the filing of the charge and this lawsuit. Accordingly, plaintiff Wisthoff's case is quite analogous to the plaintiff's in *Thiokol.* Requiring a second administrative proceeding makes no sense in these circumstances and this court may hear her retaliation claim as part of the related harassment claims.

D. Whether plaintiff Rubidoux's discrimination claims are barred because she failed to file timely charges with the EEOC?

■ The court has no jurisdiction over a Title VII claim unless the plaintiff filed charges of discrimination with the EEOC within 300 days of the discriminatory practice. *Martin v. Nannie & the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993). There is an exception to this requirement known as the "single-filing rule." *Lange v. Cigna Individual Fin. Serv.,* 759 F.Supp. 764, 767–68 (D.Kan.1991). An untimely plaintiff may join a suit initiated by a plaintiff who has timely filed, if their claims " '[a]rise out of similar discriminatory treatment in the same time frame.' " *Id.* at 768 (citation omitted). This rule is based on the notion that the policies served by compliance with Title VII's filing requirements—giving notice to the employer and encouraging conciliation—

are not violated if the complaints are sufficiently similar. *Id.* at 767.[1]

■ Here, plaintiff Rubidoux's late filed charge is almost identical to plaintiff Wisthoff's. Moreover, plaintiff Wisthoff's affidavit filed with her charge specifically references plaintiff Rubidoux as someone who had a grievance against Mr. Jiminez. Consequently, the Wisthoff charge gave CMHIP and the EEOC notice of plaintiff Rubidoux's claims of discrimination. Allowing her to proceed would not defeat the purposes behind the requirement of administrative exhaustion. Therefore, under the single-filing rule, the court has jurisdiction over plaintiff Rubidoux's claims of discrimination.

E. Whether plaintiff Rubidoux's retaliation claim should be dismissed for failure to exhaust administrative remedies?

■ Like plaintiff Wisthoff, plaintiff Rubidoux did not make any claim of retaliation to the EEOC because the alleged retaliatory acts did not occur until after this action was commenced. However, unlike plaintiff Wisthoff, plaintiff Rubidoux did not timely file her original EEOC charge. Nevertheless, may the "reasonably related" rule of *Thiokol* be applied to dispose with the necessity of separate EEOC filing for retaliation when the plaintiff's charge was untimely but nevertheless preserved under the "single-filing" rule?

My logic says yes. The single-filing rule is premised upon meeting the notice and conciliation policies of Title VII's filing requirements. *Lange v. Cigna Individual Fin. Serv.,* 759 F.Supp. at 767. In effect, the law deems plaintiff Rubidoux's filing requirement to have been met by plaintiff Wisthoff's filing. Accordingly, the only remaining question is whether plaintiff Rubidoux's retaliation and discrimination claims are "reasonably related" under *Thiokol.* I hold that they are for the same reasons described

---

1. There is a second exception to the filing requirement called the "continuing course of conduct" doctrine. *Martin v. Nannie & the Newborns, Inc.,* 3 F.3d at 1414. If a timely charge is filed with respect to an act of discrimination that is part of a continuing course of conduct, the court also has jurisdiction to hear claims based on the acts comprising the course of conduct for which the filing was not timely. *Id.* This exception does not apply to plaintiff Rubidoux's claims because all the alleged acts directed at her occurred more than 300 days prior to her filing a charge.

above with respect to plaintiff Wisthoff's claims.

### F. Whether defendant CMHIP is liable for the acts of Mr. Jiminez?

To analyze CMHIP's potential liability for the acts of its employee, one must begin with *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). There, the Supreme Court concluded that employers are not strictly liable for a hostile environment created by an employee's advances, directing instead that courts should use agency principles for guidance in determining employer liability. *Id.* at 72, 106 S.Ct. at 2408.

Following the direction of *Vinson,* the Tenth Circuit has adopted the Restatement (Second) of Agency § 219 for analyzing an employer's liability for hostile work environment sexual harassment. *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1418 (10th Cir. 1987). Section 219 provides three alternative bases for employer liability: (1) torts committed by an employee acting within the scope of his or her employment; (2) torts committed by an employee if the employer was negligent or reckless; and (3) torts committed in which the employee purported to act or speak on behalf of the principal and there was reliance on apparent authority, or the employee was aided in accomplishing the tort by the existence of the agency relation. *Id.*

This first basis is of little or no utility because sexual harassment is rarely if ever within the scope of employment. *Hicks,* 833 F.2d at 1418. Under the second basis, liability attaches if the employer has failed to remedy or prevent a hostile work environment of which management-level employees knew, or in the exercise of reasonable care should have known. *Hirschfeld v. New Mexico Corrections Department,* 916 F.2d 572, 577 (10th Cir.1990) (employer there not negligent or reckless, because the harasser was suspended the day after harassment was first reported to management and the harassment thereafter ceased).

With regard to the third basis for liability, the Tenth Circuit has consistently found it inapplicable in cases in which the alleged harasser is not the victim's supervisor. *Bolden v. PRC, Inc.,* 43 F.3d 545, 551 n. 1 (10th Cir.1994); *Hirase–Doi v. U.S. West Comm., Inc.,* 61 F.3d 777, 783 (10th Cir.1995); *Creamer v. Laidlaw Transit, Inc.,* 86 F.3d 167, 171 (10th Cir.1996). However, if the harasser is the plaintiff's supervisor, the outcome may be different. In *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993), an employee of Salt Lake County sued for hostile work environment sexual harassment based on the acts of her supervisor. The county argued that claims against it were not timely filed because the supervisor, but not the county, had been named in the original complaint within the required 90 day period. *Id.* at 1124–25. In holding that the claim against the county was not time barred, the court first cited the rules on employer liability set forth in *Vinson* and *Hirschfeld. Id.* at 1125 n. 1. The court then explained that, because the supervisor had significant control over the victim's hiring, firing, or conditions of employment, the county could be found liable regardless of whether it had knowledge of the supervisor's conduct. In effect, the claim against supervisor served as a timely claim against the county. *Id.* at 1125. In other words, and although the court did not expressly say so, it appears that the county could be found liable under the third basis identified in *Hicks* for a supervisor's acts which were otherwise unknown to the employer.

Defendants argue that the CMHIP is not liable for the acts of Mr. Jiminez, claiming it had no notice of a hostile work environment until Ms. Vigil filed her complaint against Jiminez, and that its response to Ms. Vigil's complaint, the immediate suspension and ultimate termination of Mr. Jiminez, effectively remedied the hostile work environment. Plaintiffs certainly challenge the knowledge issue, but in any case CMHIP's liability must be analyzed under the second and third bases for liability identified in *Hicks.*

■ With regard to the second basis, plaintiffs have presented specific facts showing that there is a genuine issue as to whether CMHIP was negligent in failing to remedy or prevent a hostile work environ-

ment of which it knew or should have known. Through affidavits and depositions, plaintiffs state that they reported Jiminez' offensive contact to their shift coordinators, Connie Huskins and Connie Thomas. Defendants argue that because shift coordinators are not management-level employees, any notice to them may not be imputed to CMHIP. However, CMHIP's policy governing the reporting of sexual harassment states that an employee is to report harassment to an immediate supervisor. Ms. Huskins testified that, as a shift coordinator in Cottage A, she was the immediate supervisor of plaintiffs. Ms. Huskins also testified that she was responsible for whatever happened on her shift including safety. Defendants counter this evidence with the affidavit of Sharon Gilbert, the current Division Chief Nurse at CATC, who states that shift coordinators have no supervisory duties. Thus, there appears to be a genuine dispute over whether shift coordinators have supervisory authority such that notice to them may be imputed to CMHIP. In addition, there exists other evidence of notice to CMHIP of acts of harassment by Mr. Jiminez.[2] Consequently, summary judgment is inappropriate.

■ Under the third basis, CMHIP is liable if Mr. Jiminez was aided in his harassment by his authority or the agency relationship even though the employer may have been unaware of his acts. Defendants admit that Mr. Jiminez, as lead nurse of Cottage A, was plaintiffs' supervisor when he allegedly committed the harassment. Unfortunately, neither party has presented sufficient evidence of Mr. Jiminez' supervisory powers to allow me to determine if Mr. Jiminez used his position to aid in his harassment of plaintiffs. Thus, a genuine issue remains unresolved making summary judgment improper.

Accordingly it is ORDERED that:

1. Defendants' motion for summary judgment is GRANTED with respect to all of plaintiffs' claims against defendants Adamson, Jaitly, Johnston and Maselli and they are DISMISSED with prejudice;

2. Defendants' motion for summary judgment is DENIED with respect to plaintiffs' claims of hostile work environment sexual harassment and retaliation.

---

**2.** Prior to the late 1980s, Martha Reinhardt, a nurse at the CATC, reported to several team leaders that Mr. Jiminez had made inappropriate jokes with sexual overtones in front of patients. Also, Ms. Huskins brought what she interpreted as a sexual advance by Mr. Jiminez to the attention of Norma Adamson, a former division chief nurse at the CATC.