**Robert HESLOP, Plaintiff,**

v.

**UCB, INC., and UCB Films, Inc., Defendants.**

**Civ. A. No. 01–2255–KHV.**

United States District Court, D. Kansas.

Dec. 13, 2001.

---

Theodore J. Lickteig, Karen A. Eager, Overland Park, KS, for plaintiff.

Mark D. Hinderks, Daniel D. Crabtree, Stinson, Mag & Fizzell, P.C., Leawood, KS, Michael S. French, David L. Pardue, Kritzer & Levick, P.C., Atlanta, GA, for defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Robert Heslop brings suit against UCB, Inc. ("UCB") and UCB Films, Inc. ("UCB Films") for breach of contract (Count I), breach of implied contract (Count II), promissory estoppel (Count III), fraudulent misrepresentation (Count IV) and negligent misrepresentation (Count V). This matter is before the Court on Defendants' Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. # 10) filed July 24, 2001, plaintiff's Motion for Leave to Amend Complaint (Doc. # 33) filed Oc-

tober 31, 2001, and plaintiff's Motion To Add Defendants (Doc. # 34) filed October 21, 2001. For reasons set forth below, the Court sustains defendants' motion to dismiss, sustains plaintiff's motion for leave to amend and overrules plaintiff's motion to add defendants.

## I. Plaintiff's Motion For Leave to Amend

■ In their motion to dismiss, defendants assert that plaintiff has not sufficiently plead fraudulent misrepresentation with particularity, as required by Rule 9(b), Fed.R.Civ.P. Plaintiff seeks to amend his complaint to correct the alleged failure by "mak[ing] the fraud allegations more specific regarding the identity, timing and location of the individuals involved." See Motion for Leave to Amend Complaint (Doc. # 33) at 5.

■ Leave to amend is a matter committed to the sound discretion of the district court. See *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir.1987). Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend. See *Lange v. Cigna Individual Fin. Servs. Co.*, 759 F.Supp. 764, 769 (D.Kan.1991). Prejudice under Rule 15

means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party. See *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D.Kan.1998) (citing *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir.1983)).

Plaintiff's motion is timely under the scheduling order. Moreover, in amending his complaint to make more particular the allegations of fraud, plaintiff does not change his tactics or theories of the case. The Court does not find any undue prejudice to defendants in allowing the amended complaint. Thus the Court finds that the plaintiff's motion should be sustained.

## II. Defendants' Motion to Dismiss
## Factual Background

Plaintiff's amended complaint alleges the following facts, which the Court accepts as true for the purposes of this motion: [1]

UCB is an international pharmaceutical and chemical manufacturer with offices and subsidiaries around the world. UCB Films is a subsidiary of UCB. UCB Films operates a facility in Tecumseh, Kansas, which produces cellulose films.[2] To ensure the success of the Tecumseh facility and to enhance its market competitiveness in the cellulose films industry, UCB Films decided to strengthen the management team at that facility. As part of this plan, UCB Films decided to transfer plaintiff, who worked at its manufacturing plant in Australia, to be vice president of manu-

---

**1.** Although the amended complaint does not directly address defendants' argument that plaintiff's misrepresentation claims cannot be based on a future promise to perform, it contains new allegations which support his claims of fraudulent and negligent misrepresentation. For purposes of the motion to dismiss, the Court accepts as true the additional allegations contained in the amended complaint.

**2.** In manufacturing cellulose and cellulosic film, UCB Films uses cellulose which is extracted from wood pulp. The food packaging industry uses cellulosic films to wrap its products, particularly confectionary and cheese. Cellulosic films are also very significant in the production of adhesive tapes. See Exhibit 2, Complaint (Doc. # 1) filed May 25, 2001.

facturing at Tecumseh. UCB Films chose plaintiff because of his expertise as a highly skilled polymer chemist and his success in managing the facility in Australia.

Between August 1999 and December 1999, defendants' employees William Lowther, John Wales and Stuart Turnbull discussed with plaintiff the possibility of working at Tecumseh. During those discussions, Lowther, Wales and Turnbull represented that plaintiff would oversee the development, construction and operation of a new plant adjacent to the existing facility at Tecumseh. They also told plaintiff that defendants would pay him a definite salary and benefits and employ him for at least three and possibly five years. Plaintiff and defendants signed an offer sheet, agreeing to salary, benefits and a three-year term of employment. The offer sheet stated that when he arrived in Kansas, plaintiff would sign an employment contract which would detail the specific terms.

As a citizen of Australia, plaintiff came to the United States pursuant to a three-year employment visa.[3] When he arrived in Tecumseh on May 1, 2000, plaintiff executed an employment contract which provided that he would work in the United States for three years, subject to extension or reduction.

In February 2001, plaintiff proposed amending his contract to include the following provision:

Reintegration. At the end of your assignment, or on the mutual termination of the expatriation agreement, UCB Films Asia Pacific Pty Ltd. undertakes to offer you a job at no lower level that [sic] the position you are currently occupying. Should there not be a position available in UCB Films at this time

UCB Films will offer you a retrenchment package commensurate with your full employment with UCB group worldwide.

Motion For Leave To Amend Complaint, Proposed Amended Complaint ¶ 30. Turnbull told plaintiff that the clause was not needed because plaintiff's employment in Tecumseh would likely run for five years instead of three years.

On February 1, 2001, Turnbull, Joe Willbanks and Jean Pierre Pradier, as representatives of defendants, told plaintiff that defendants had decided not to build the new facility in Tecumseh and that because they had employed him to oversee the development, construction and operation of that facility, he no longer would be employed at Tecumseh. Two months later, on March 27, 2001 defendants told plaintiff that they were terminating his contract for employment in Tecumseh. A month later, in a letter dated April 26, 2001, defendants told plaintiff that they had no position for him in Australia. Plaintiff filed suit on May 25, 2001.

### Motion To Dismiss Standard

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers., Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). The issue in reviewing the sufficiency of plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer

---

**3.** Defendants told the Immigration and Naturalization Service that they had hired plaintiff to run the Tecumseh plant. The INS approved plaintiff's work permit with UCB Films, granting plaintiff a three-year employment visa.

evidence to support his claims. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although plaintiff need not precisely state each element of his claim, plaintiff must plead minimal factual allegations on material elements that must be proved. See *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

## Analysis

### A. Fraudulent Misrepresentation Claim

Plaintiff alleges that defendants fraudulently represented that his employment at Tecumseh would last three to five years and that he would oversee development of the new facility as well as operation of the existing facility. Plaintiff alleges that he suffered damages because based on defendants' representations, he and his wife gave up their home and employment in Australia. Defendants contend that plaintiff has not stated an actionable fraud claim because he only alleges that defendants made a representation concerning a future event which later turned out to be false.

 "Elements of fraudulent misrepresentation include (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or recklessly made with disregard for the truth, where (4) another party justifiably relies on the statement, and (5) acts to his or her injury and damage." *Paper, Allied Chem. and Energy Workers Int'l Union, Local 5–508, AFL—CIO v. Slurry Explosive Corp.,* 107 F.Supp.2d 1311, 1328 (D.Kan.2000) (citing *Gerhardt v. Harris,* 261 Kan. 1007, 1013, 934 P.2d 976, 981 (Kan.1997)). Plaintiff bases his fraudulent misrepresentation claim on two representations: (1) that plaintiff's employment at Tecumseh would last for at least three years and (2) that he would oversee both the operation of the existing facility and the development and operation of a new facility. Defendants correctly point out that although plaintiff alleges the falsity of these representations, he does not allege that defendants knew that the representations were false at the time that they made them. Further, plaintiff cannot prevail on a fraud claim by merely alleging that defendants' representations regarding future events turned out to be false. See *Modern Air Conditioning, Inc. v. Cinderella Homes, Inc.,* 226 Kan. 70, 78, 596 P.2d 816, 824 (1979) (when alleged fraud relates to promises or statements concerning future events, gravamen of claim is fraudulent misrepresentation concerning a present, existing intention to perform, when no such intention existed).

Plaintiff argues that his fraud allegations are not in regard to future events, however, because his claim does not simply concern the duration of his employment and the nonperformance of defendants' promise. Plaintiff argues that defendants misrepresented the nature of the position they were offering him in the United States and the present, existing fact that defendants had work for plaintiff in Tecumseh. See Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum") (Doc. # 20) filed Sept. 17, 2001 at 5. Plaintiff's amended complaint does not allege, however, that defendants made false representations concerning what type of position they were offering him or what type of work he would be doing in the United States.[4]

---

**4.** In his amended complaint, plaintiff refers to various statements by defendants. At paragraph 30, plaintiff alleges that in February 2001, he proposed to one of defendants' employees that he wanted a clause in his employment contract to allow him to return to Australia to work for defendants at the end of his assignment or upon his termination in Tecumseh. At paragraph 31, plaintiff alleges that an employee of defendants responded that no such clause was necessary because

More importantly, plaintiff does not allege that *defendants knew that their representations were false at the time that they made them.* Plaintiff's claim for fraudulent misrepresentation is not sufficient to state a claim. Defendants' motion to dismiss this claim is therefore sustained.

## B. Negligent Misrepresentation Claim

Plaintiff alleges that defendants negligently represented to him that his employment in Tecumseh would last three to five years, and that he suffered damages in reliance on this misrepresentation. Defendants argue that plaintiff's claim is premised on defendants' representation of their intent to perform the contract and argue that plaintiff cannot bring a misrepresentation claim based on such statements of future intent. See *Wilkinson v. Shoney's Inc.*, 269 Kan. 194, 221, 4 P.3d 1149, 1167 (2000) (negligent misrepresentation claim cannot be based on statements of future intent); *Bittel v. Farm Credit Servs.*, 265 Kan. 651, 664, 962 P.2d 491, 500 (1998) (same); *O'Loughlin v. The Pritchard Corp.*, 972 F.Supp. 1352 (D.Kan.1997) (same); *Eckholt v. Am. Bus. Info., Inc.*, 873 F.Supp. 526, 532 (D.Kan.1994) (same).

A negligent misrepresentation claim only applies "to cases of misrepresentation of factual, commercial information, not to statements of future intent." *Wilkinson*, 269 Kan. at 219, 4 P.3d at 1165. Plaintiff argues that his negligent misrepresentation claim is based on defendants' negligent or incomplete forecast of internal business conditions. See Plaintiff's Memorandum at 8–9. Plaintiff's allegations, however, do not support this argument.

In his amended complaint, plaintiff alleges merely that defendants falsely represented that he would oversee the construction of a new plant and that his employment would last at least three years. See Amended Complaint at ¶¶ 12–13, 75. He does not allege that defendants made false representations regarding their internal business conditions or other factual commercial information. The Court therefore finds that plaintiff has failed to state a claim for negligent misrepresentation. See, e.g., *Eckholt*, 873 F.Supp. at 532.

## III. Plaintiff's Motion To Add Defendants

Plaintiff seeks to join two additional defendants: UCB, S.A., and UCB, plc. Under Rule 21, Fed.R.Civ.P., "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The standard whether to grant a motion pursuant to Rule 21 is similar to the standard for a "subsequent" amendment under Rule 15, where the amendment is opposed. Subsequent amendments should be "freely given when justice so requires." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991). The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed.R.Civ.P. 15(a), and will not be disturbed absent an abuse of that discretion. See *id.* The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

plaintiff was not likely to be terminated and that his employment would likely run for five years, instead of only three years. Plaintiff also alleges that in February, defendants told him that they would not be building a new plant in Tecumseh, and that his employment thus would be terminated. He further alleges that in March, 2001 and thereafter, defen-

dants told public officials that they still intended to build the new Tecumseh plant. Plaintiff does not appear to rely upon these allegations for his fraudulent misrepresentation claim, however, but focuses upon alleged misrepresentations before he entered the contract. See Amended Complaint, ¶ 68.

failure to·cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

■ Plaintiff did not attach to his motion or brief a proposed amended complaint that includes information and allegations concerning the proposed additional defendants. In his motion to add defendants, however, plaintiff asserts that Pradier and Lowther, who are employees of UCB, S.A., signed employment agreements at issue in this case. Plaintiff alleges that UCB Films, Inc. is a wholly-owned subsidiary of UCB, Inc., which in turn is a wholly-owned subsidiary of UCB, S.A. Plaintiff asserts that UCB, S.A. should be a party because it is obligated to perform the employment agreement which Pradier and Lowther signed. Plaintiff has not alleged, however, that Pradier and Lowther signed the agreement on behalf of UCB, S.A. The agreement itself refers only to UCB Films, Inc. Plaintiff further asserts that UCB, S.A. should be joined because UCB, Inc. is its wholly-owned subsidiary. The fact that one corporation is the parent of another, however, is not sufficient to warrant treating the two corporations as one without a showing that one exercises undue control over the internal affairs of the other. See *Cotracom Commodity*

*Trading AG v. Seaboard Corp.*, 94 F.Supp.2d 1189, 1196 (D.Kan.2000).

■ Plaintiff further asserts that "[f]or purposes of this case, UCB S.A., UCB, Inc. and UCB Films, Inc. are all one seamless web." Under Kansas law, "[w]here it is apparent the relationship between the parent and its subsidiary is so intimate, the parent's control over the subsidiary is so dominating, and the business and assets of the two are so mingled that the recognition of distinct entity would result in injustice to third persons, courts will look through the legal fiction of separate entities and treat them as justice requires." *Doughty v. CSX Trans. Inc.*, 258 Kan. 493, 499, 905 P.2d 106 (1995). The mere statement that three entities are a "seamless web" does not assert sufficient facts to support disregard of the corporate entity.[5]

Plaintiff alleges that Turnbull and John Wales both participated in discussions about the formation and performance of plaintiff's employment agreement. Turnbull and Wales are employees of UCB, plc. Plaintiff asserts that by adding UCB, S.A. and UCB, plc as defendants, he can avoid the need to subpoena Pradier, Lowther, Wales and Turnbull. Plaintiff cites the proposition that a subpoena is not necessary if the person to be examined is an

---

**5.** Kansas courts have adopted 10 factors, established by *Fish v. East*, 114 F.2d 177, 191 (10th Cir.1940), as guidelines determining alter ego status. The 10 factors are: (1) whether the parent corporation owns all or a majority of the capital stock of the subsidiary; (2) whether the corporations have common directors or officers; (3) whether the parent corporation finances the subsidiary; (4) whether the parent corporation subscribed to all of the capital stock of the subsidiary or otherwise causes its incorporation; (5) whether the subsidiary has grossly inadequate capital; (6) whether the parent corporation pays the salaries or expenses or losses of the subsidiary; (7) whether the subsidiary has substantially no business except with the parent corporation, or no assets except those conveyed to it by the parent corporation; (8) whether in the papers of the parent corporation, and in the statements of its officers, the subsidiary is referred to as such or as a department or division; (9) whether the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; and (10) whether the formal legal requirements of the subsidiary as a separate and independent corporation are observed. *Int'l United Auto. v. Cardwell Mfg. Co.*, 416 F.Supp. 1267, 1286 (D.Kan.1976).

**1318**

officer, director or managing agent of a party. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2107 at 58 (1994) (discussing Fed.R.Civ.P. 30). Rules 15 and 21 do not contemplate that parties will be joined merely to make discovery easier for plaintiff, particularly where plaintiff has not attached a proposed amended complaint which asserts actionable claims against the proposed defendants.

The Court therefore overrules plaintiff's motion to add UCB, S.A. and UCB, plc as defendants.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss Counts IV and V of Plaintiff's Complaint (Doc. # 10) filed July 24, 2001 be and hereby is **SUSTAINED.** Plaintiff's claims in Count IV (fraudulent misrepresentation) and Count V (negligent misrepresentation) are **DISMISSED.**

IT IS FURTHER ORDERED that Plaintiff's Motion For Leave To Amend Complaint (Doc. # 33) filed October 31, 2001 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Add Defendants (Doc. # 34) filed October 31, 2001 be and hereby is **OVERRULED.**

**The Clerk is directed to detach the amended complaint from plaintiff's Motion For Leave To Amend Complaint (Doc. # 33) and file it contemporaneously with this Memorandum And Order.**